### FEW v. KELLER.

1. PRESUMPTION—ADVERSE POSSESSION—LANDLORD AND TENANT—
   WADSWORTH SCHOOL LANDS—NOTICE.—Where the heirs at law of a
   lessee of lands from the trustees of the Wadsworth Poor School
   Trustees has same sold by court of ordinary for partition, and pur-
   chaser goes into possession under ordinary's deed, without warranty,
   putting same on record, and holding adversely for twenty years,
   with notice to the lessors of such holding, he will be presumed to
   have acquired a fee simple title to the land; and as there is some
   evidence here of notice to lessors of such holding, the verdict is not
   disturbed.

2. REAL PROPERTY—TRESPASS—DAMAGES.—In suit for damages to real
   property by trespass, where main question is title to land, jury may
   give nominal damages without evidence as to the actual amount of
   damages.

Before KLUGH, J., Greenville, July term, 1901.   Affirmed.

Action by B. F. Few against Sherman Killer and Joe
Coville. From judgment for plaintiff, defendants appeal on
following exceptions:

"1. Error in charging, 'So that if a tenant holds land
under a lease and dies, and his heirs come and have the
Court, by its officer, to convey the land in fee simple to some-
body else after due proceedings, for the purpose of partition
or for any other purpose, according to the usual practice, and
under judgment of the Court, the officer who makes the con-
veyance acts as the agent of these parties who are tenants,
and acts for the heirs of the deceased tenant, and that

amounts to a disclaimer of the landlord just the same as if the tenant himself had done it.' It being respectfully submitted that the officer under such circumstances acts as the agent of the parties, who are tenants, only in conveying such interest as they might have in the premises.

"2. Error in charging, 'If you find by the preponderance of the evidence that the plaintiff entered into possession of this land by reason of a conveyance of the interest of that man, Andrew Odam, and that purported to be a conveyance of the fee simple title; and if you find, further, that it was known to the trustees of the Wadsworthville Poor School that the land was sold in that way, and that he did take a deed in fee simple of the interest of Andrew Odam, then you would be bound to conclude, under the instructions I have already given you, as to these supposed cases, that there was a forfeiture of the lease of Andrew Odam.' It being respectfully submitted that the Court itself should have construed the deed referred to and not leave its construction to the jury.

"3. Error in charging, 'If you find that there was a conveyance of this land by the ordinary, who was Mr. McKay, if you find a conveyance in fee simple by Mr. McKay, the Court instructs you that that would be a conveyance by the agent of the tenant, the same as a conveyance by the tenant himself; and that would operate as a forfeiture of the lease, and it would be forfeited and expire.' In that: (1) The Court was bound to construe the deed of McKay to the plaintiff, and should not have left its construction to the jury. (2) The Court should have construed the said deed as conveying to the plaintiff only such interest as the said Andrew Odam had in the said premises.

"4. Error in charging the jury, 'If he (plaintiff) took possession and held against the title of the trustees, it makes no difference whether he knew of the lease or not.' It being respectfully submitted that if plaintiff knew of the lease, he would have the more clearly to show when and how the relationship of landlord and tenant terminated.

"5. Error in charging the jury that they could infer notice to the trustees from facts and circumstances; whereas, he should have charged that if the relation of landlord and tenant once existed, that relationship could not be terminated except by the tenant proving clearly a disclaimer or forfeiture and actual notice of that fact brought home to the landlord.

"6. He erred in not granting defendants' motion for a nonsuit upon the grounds: (1) That there was no evidence tending to show notice of an adverse holding by the plaintiff as against the defendants and their grantors. (2) Under the uncontradicted testimony in the case the defendants were entitled to a verdict. (3) There was no evidence whatever of any damages as alleged in plaintiff's complaint.

"7. He erred in overruling defendants' motion that the Court instruct a verdict, because: (1) There were no issues of fact for the jury to pass upon. The uncontradicted testimony showing that the plaintiff had no legal title to the premises in dispute nor right of possession. (2) There being no proof of any damages.

"8. He erred in not setting aside the verdict of the jury and granting a new trial, for the reasons: (1) There was no testimony to sustain the verdict. (2) There was no evidence from which the jury could have legitimately inferred that the Wadsworthville Poor School trustees had notice more than twenty years prior to the institution of this action of the adverse holding on the part of the plaintiff herein of the real estate in question in said action.

"9. Error in not holding that, under the evidence, the plaintiff was only a tenant of the trustees of the Wadsworthville Poor School; that that relationship had never legally terminated, and that he was, therefore, estopped from disputing their title, which title the defendants claimed under."

*Messrs. Carey & McCullough* and *J. J. McSwain,* for appellant. *Mr. McSwain* cites: *Can the deed of the ordinary*

*in partition be regarded as a disclaimer of the lease under Odam, and was it sufficient to initiate an adverse holding in plaintiffs:* 13 S. C., 209; 40 S. C., 175. *Court should construe deed:* 59 S. C., 311; 42 S. C., 67; 38 'S. C., 421; 15 S. C., 32; 26 S. C., 160; 32 S. C., 123; 11 Ency. P. & P., 73, *et seq. Can the public sale of lands under a lease in partition proceedings be held as a disclaimer of the tenancy?* 17 Ency., 688, *et seq.;* 2 Strob. Eq., 145; 9 Rich., 515; 28 Barb., 336; 41 Mo., 447; 69 Mo., 129; 40 S. C., 176; 3 Pet., 50; 4 N. Y. App. Div., 378; 61 Ga., 559; 1 Ency., 1062; 18 Ency., 2 ed., 417; 1 Ency., 2 ed., 811; 7 Rich., 353; 38 S. C., 188; 41 S. C., 408; 12 Rich., 579; 9 Rich., 55; 4 McC., 434; 9 Ency., 107; 12 Rich., 679; 41 S. C., 508; 16 S. C., 798, *et seq.;* 37 S. C., 73; 16 S. C., 282. *Law in this State governing the relation of landlord and tenant:* 2 Strob., 141; 2 Con. R., 420; 2 Rich., 19; 2 Hill, 492; 40 S. C., 180. *How may a tenant terminate his tenancy?* 1 Ency., 2 ed., 911; 1 Ency. Law and Prac., 1032, 1033, 1058, 1060, 1062; 7 Rich., 181; 6 Rich., 353; 2 L. R. A., 629; 9 N. Y., 1; 5 Cow., 129; 53 N. Y., 293. *Cases holding certain facts insufficient to supply place of actual knowledge of adverse holding:* 69 Mo., 129; 108 Mo., 41; 81 Pa. St., 194; 75 Am. Dec., 655; 73 Am. Dec., 739; 67 Am. Dec., 489; 92 Va., 182; 35 Conn., 345; 38 Pac., 308; 99 Ala., 526. *Rule as to adverse possession in this State:* 3 Strob., 502; 2 Hill, 488, 492; 48 S. C., 28; 61 S. C., 276. *As to doctrine of presumptive notice:* 4 How., 295; 41 Am. Dec., 250; 61 S. C., 276; Tyler on Ejectment, 874, 875, 828; Newell on Ejectment, 435; 9 Wheat., 241; 1 Speer, 225; 54 'S. C., 405; 3 Pet., 45.

*Messrs. Haynesworth, Parker & Patterson,* contra, cite: *There being evidence of damage, nonsuit properly refused on that ground:* 21 S. C., 556. *Record of plaintiff's deed and other facts proved, are sufficient to sustain notice of adverse holding to lessor:* 40 S. C., 168; 9 Rich. Eq., 496; 1 Ency., 1 ed., 264, note 1; 47 A. D., 463; 61 S. C., 289; 48 S. C., 28; 3 Pet., 52; 76 Ala., 115; 26 S. C., 110, 237.

March 20, 1902. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. This action was commenced on the 22d of January, 1901, to recover damages for alleged trespasses upon lands in the possession of plaintiff to which he claimed title, and also for an injunction to restrain further threatened trespasses. The defendants answered setting up two defenses. *First,* a general denial of the allegations contained in the complaint and an assertion of title in themselves. *Second,* a counter-claim for damages by reason of the cultivation by the plaintiff of the land during the year 1900, and a refusal to account to the defendants for the rents and profits of the same.

The case turned upon the question of title to the land—the plaintiff claiming title under a deed, bearing date the 1st day of January, 1866, made by the ordinary of Greenville District (now county), under certain proceedings in the court of ordinary for that district, for the purpose of partitioning the real estate of one Andrew Odam, deceased, under which he entered upon the land in question as soon as he received said deed, and has ever since continued in the possession of the land, claiming it as his own, adversely to all the world; and the defendants claiming title under a deed from the trustees of the Wadsworth Poor School to the said defendants, bearing date the 9th day of December, 1899. The case came on for trial before his Honor, Judge Klugh, and a jury, when the testimony both oral and written set out in the "Case" was adduced. Amongst this written evidence were the two deeds above referred to and the following papers, purporting to be leases of portions of the Wadsworth land devised to the trustees of the poor school, to wit: a lease from John Black, as treasurer Wadsworth Poor School, to John Watkins (which it was claimed was a mistake in the name, and should be Samuel Watkins,) of 270 acres for the term of sixty-six years, bearing date 30th December, 1834; a lease of 100 acres from Samuel Watkins to Sarah Robinson for the term of fifty-nine years, bearing date 22d January, 1841; and a

lease of 100 acres from Sarah Robinson, John Snider and Julia Snider to the above mentioned Andrew Odam for the term of forty-eight years, bearing date 11th October, 1852. All of these papers were duly recorded.    At the close of all the testimony, "the defendants moved for a nonsuit or for an instructed verdict," upon the following grounds : 1st. Because there was no evidence tending to show notice of an adverse holding by the plaintiff as against the defendants and their grantors.    2d. Because the defendants, under the uncontradicted evidence, are entitled to a verdict.    3d. Because there was no evidence of any damages.    This motion having been refused, the trial proceeded, and the jury rendered the following verdict : "We find for the plaintiff $5.00 damages."    Thereupon the defendants moved for a new trial, "upon the ground that there was no evidence from which the jury should have inferred that the Wadsworth Poor School trustees had notice more than twenty years prior to the institution of this action of the adverse holding on the part of the plaintiff herein of the real estate in question in said action." This motion having been refused and judgment having been entered on the verdict, the defendants appealed upon the several exceptions set out in the record, and the same will be included in the report of this case.

We do not propose to consider the exceptions *seriatim,* but will, rather, consider the several questions which we understand to be made by them.    The case of *Trustees* v. *Jennings,* 40 S. C., 168, a case in which the same corporation was the plaintiff as in this case, decided : 1st. That if a person goes into possession of any of the leased lands devised by Thomas Wadsworth to trustees to maintain a free school for children residing within certain prescribed limits, under a deed from the lessee purporting to convey a fee simple title, this was a disclaimer of the title of the lessor and wrought a forfeiture of the lease.    And if after such entry the person holding the conveyance purporting to convey the fee continues in the open, notorious and adverse possession of the land for a period of twenty years or more, of which the lessor

has notice, he acquires a title by prescription which will defeat any action thereafter brought by the lessor to recover possession of the land. 2d. That while the record of such deed purporting to convey the fee will not operate as *constructive* notice to the lessor of this declaimer of the title of the lessor, yet it is a circumstance which coupled with other circumstances, may be sufficient to warrant the inference that the lessor had *actual* notice; but whether such inference should be drawn, is a question for the jury.

Under this decision the questions presented by the exceptions in the case now under consideration may be stated as follows: 1st. Did the plaintiff enter into possession of the land in question under a deed purporting to convey the fee? 2d. Did the plaintiff after such entry continue in the open, notorious, adverse possession of the land for a period of twenty years, after the plaintiff had notice of such entry and such possession? If these questions are answered in the affirmative, then it is clear that, under the authority of the case of Jennings, above cited, there was no error in the judgment below, and the exceptions must all be overruled. Whether they should be answered in the affimative, are questions of fact which the jury by their verdict have answered in the affirmative, and that is conclusive, as there was at least some testimony tending to sustain such findings. The deed under which the plaintiff entered showed, on its face, that it purported to convey the fee, and there is not a word in it indicating that the deceased, as whose property it was sold, held in under any lease. On the contrary, the fact that it was sold by the ordinary for partition amongst the heirs at law of the deceased, Andrew Odam, shows that it was treated in the proceedings for its sale as real estate, descended to the heirs at law, and not as a leasehold estate, which would have passed to the executor or administrator. And in the deed it is the land itself, not any interest which the deceased may have had in it, which is conveyed to the plaintiff, "his heirs and assigns forever." It is true, that there is no warranty clause in this deed, but that is never

found in a deed made by a public officer, and does not in any way affect the nature of the estate conveyed. There was also evidence tending to show that the plaintiff, immediately after the sale, went into possession of the land under this deed, which in a very few days he placed upon record, thereby making public declaration that he held the land as his own, and not under any lease—that he used it as his own, and never heard that it was claimed to be leased until after he had gone into possession under his fee simple title. It is contended, however, by counsel for appellants, this case differs from the case of Trustees *v.* Jennings, *supra,* in this respect, that there the person claiming title by prescription, by reason of his having gone into possession under a deed purporting to convey the fee in the land, took such deed from the lessee; while here, the plaintiff took the deed under which he claims from the ordinary under the proceedings in partition, and, therefore, there was no disclaimer *by the lessee* of holding possession of the land under the lease. In the first place, it must be assumed that when the heirs at law of Andrew Odam, who held the land under a lease, instituted proceedings in the court of ordinary for partition, they necessarily disclaimed any holding under the lease, and asserted title in themselves as heirs at law of their deceased ancestor; as otherwise the ordinary would have had no jurisdiction to partition the land amongst the said heirs. But, in the second place, we think it makes no difference who the plaintiff took the conveyance in fee from. The fact that he took such title and went into possession under it, was an assertion of title antagonistic to the lease, and that was what gave currency— *not* to the statute of limitation, which was suspended by the act of the legislature, but did give a starting point for the currency of the twenty years, which would presume a grant paramount to any other title; and if the possession so taken continued for the period of twenty years, and was adverse, the plaintiff would thereby acquire title superior to that of the lessors. Now, if the jury was properly instructed as to what would constitute adverse possession, as we think they

11—63

were, then the only remaining inquiries were questions of fact, of which the jury were the final arbiters, and they by their verdict have solved those questions in favor of the plaintiff. While it must be confessed that the testimony, especially as to the fact that the lessors had notice of the adverse character of the plaintiff's claims for a period of twenty years prior to the commencement of this action, was of rather slender character, yet there was *some* testimony to that effect, and hence this Court had no jurisdiction to set aside the verdict of the jury.

It is contended, however, that there was no evidence of damages, and that alone would necessitate a new trial. There was testimony tending to show that the defendants did enter upon the land without the consent of the plaintiff, removed the pasture fence and plowed up the land. This was sufficient to entitle the plaintiff to recover at least nominal damages, and the verdict was, practically, for nominal damages only. If the plaintiff was in possession under a legal title superior to that of defendants, as must be assumed after the verdict, then any entry upon the land without the assent of the plaintiff would be a trespass, for which the plaintiff would be entitled to recover at least nominal damages, even though no witness testified as to what was the amount of such damages in dollars or cents. All of the exceptions must, therefore, be overruled.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.