## GREEN v. CANNADY.

1. OUSTER—ADVERSE POSSESSION—TENANT IN COMMON.—STATUTE OF LIMITATIONS does not run in support of a title set up by a tenant in common against his cotenants until actual ouster and ten years adverse possession after ouster gives claimant good title.

2. TENDER—PAYMENT—JUDGMENT.—SALE of land under a judgment by probate court for sale of land in aid of assets, can not be impeached by proof of payment or tender of part of the indebtedness of the estate, and where no notice of tender was given at the sale, purchaser takes title unaffected by the tender.

Before FRANK B. GARY, special Judge, Laurens, July, 1904.   Affirmed.

Action by Mary Elizabeth Nora Green against Thos. W. Cannady and Wm. A. Cannady, executors of Thos. Cannady, W. L. Gray *et al.*   From Circuit decree, Thos. W. Cannady appeals.

*Mr. Thos. W. Cannady*, for himself, appellant.

*Messrs. Ferguson & Featherstone* and *F. P. McGowan*, contra.

April 6, 1905.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   This was an action for partition of a tract of eighty-eight acres of land.   Plaintiff alleged in her complaint that she and the defendant W. L. Gray each owned one-fourth of the tract, and that the defendant, T. W. Cannady and Nancy E. Rhodes, each owned one-sixth. The defendant W. L. Gray in his answer, admitted the allegations of the complaint, and joined in the prayer for partition.   The defendant T. W. Cannady who had acquired the interests of the other two defendants, answered setting up a general denial, and title in himself to the whole tract based upon adverse possession.   Joel Maddox, under whose will all the parties claimed, in 1880 devised the eighty-eight acres of land in dispute to his daughter, Martha Jane Cannady, wife of Thomas Cannady, who died intestate, leaving as her heirs at law her husband, two sisters and a brother; and therefore, under the statute of distributions, the husband took one-half, and the sisters and brother each one-sixth, of the land.   The brother dying, his one-sixth interest came to his two sisters, thus making each of them the owner of one-fourth of the eighty-eight acres.   Elizabeth C. Maddox, one of the sisters, at her death, devised her interest to Nancy M. Maddox, the other sister, and Thomas

Cannady jointly, for their lives, with remainder "to Mary Elizabeth Nora Welch (now Green) and her bodily heirs." Nancy M. Maddox dying on October 21, 1900, devised her one-fourth of the land in fee to Thomas Cannady, whom she made executor of her will. At his death on August 6, 1901, Thomas Cannady left a will by which he bequeathed his personal property to his nephew, T. W. Cannady, the appellant, and devised his real estate to his nephews, T. W. and W. A. Cannady, and their sister, Nancy E. Rhodes, equally. T. W. and W. A. Cannady were appointed his executors.

The estate of Nancy M. Maddox not having been fully administered by Thomas Cannady before his death, on September 28, 1901, Dr. M. C. Cox was appointed her administrator *de bonis non cum testamento annexo*. Dr. Cox, as administrator, then instituted suit in the probate court against T. W. and W. A. Cannady, as executors of Thomas Cannady, for an accounting of the assets of the estate of Nancy M. Maddox coming into the hands of their testator as her executor, and also for the purpose of selling realty in aid of personalty to pay debts. Mrs. Mary E. N. Green was also made a party defendant in this action. The cause was heard by the probate judge, who found a balance of $68.23 due to the estate of Nancy M. Maddox by the executors of Thomas Cannady, which he decreed should be paid, and that the indebtedness of the estate of Nancy M. Maddox over and above this balance remaining unpaid was $239.91, in order to settle which he held it would be necessary to sell the real estate. The probate judge therefore ordered her real estate sold, including that which had been devised to Thomas Cannady. From this judgment of the probate court no appeal was taken, and under it the one-fourth interest of Nancy M. Maddox in the eighty-eight acre tract was sold, W. L. Gray becoming the purchaser for a consideration of $71, and receiving a deed therefor from O. G. Thompson, judge of probate. Briefly stated, then, at the time of the commencement of this action Elizabeth C.

Maddox's share of the eighty-eight acre tract had fallen to Mrs. Green, the remainderman, and Nancy M. Maddox's share, which she had devised to Thomas Cannady in fee, had been sold under judgment of the probate court and purchased by the defendant Gray.

Under this state of facts the cause came on to be heard at the July, 1904, term of Court for Laurens County, before special Judge Frank B. Gary, upon the legal issue of title. By consent the following issues were submitted to a jury:

"1. Has the plaintiff, Mary Elizabeth Nora Green, any title to the land, and, if so, to what extent?

"2. Has the defendant, W. L. Gray, any interest in the land in dispute, and, if so, how much?"

The defendant T. W. Cannady failed to make out title by adverse possession to the whole tract, the evidence clearly showing that Elizabeth C. Maddox, Nancy M. Maddox and Thomas Cannady held it as tenants in common. He also attempted to avoid the effect of the judgment of the probate court directing a sale of the land by offering testimony to prove that he had tendered to the probate judge, before the sale, one hundred and eighty dollars, which he claims was the amount of the entire indebtedness of the estate of Nancy M. Maddox. The Circuit Judge held that the judgment could not be attacked in this way, and refused to admit the evidence on the ground of irrelevancy. The jury answered both of the questions submitted in the affirmative, finding a verdict for the plaintiff; whereupon the presiding Judge passed an order adopting their verdict and transferring the cause to calendar 2. The cause having been transferred to the equity docket, it was then heard by the presiding Judge, who rendered a decree adjudging that "the plaintiff owns one undivided fourth interest in fee in the said premises, the defendant, W. L. Gray, owns one undivided fourth interest in fee in the said premises, and the defendant, Thomas W. Cannady, owns one undivided half interest in fee in the said premises" as tenants in common, and ordered that the land be partitioned according to their respective interests. It

was further ordered that the cause be referred to a referee to ascertain and report to the Court the amount of rents and profits for which Thomas W. Cannady should account to the others in excess of his one-half interest of the premises, he having been in exclusive possession of the entire premises since 1901.  A receiver of the premises was also appointed by the decree.  From this decree the defendant T. W. Cannady appeals.

The exceptions are as follows:

"I.  Because his Honor erred in entertaining a case that the statute debarred by the statute of limitations of six years.

"II.  Because there was no estate of M. J. Cannady, *nee* Maddox, it having passed into the ownership of Thomas Cannady.

"III.  Because his Honor erred in suppressing material testimony of the defendants.

"IV.  Because his Honor allowed a witness for the plaintiff to go on the stand and reverse his first testimony.

"V.  Because his Honor erred in not demanding the full cause brought as the original demanded.

"VI.  Because his Honor erred in charging the jury that twenty years was the limit, when the act of 1873 makes the limit ten years.

"VII.  That his Honor allowed two cases to be united when the plaintiff had no interest in but one."

The statute of limitations does not run in support of a title set up by a tenant in common against his co-tenants until actual ouster.  The Circuit Judge charged the jury fully on this point, and stated the law to be that ten years adverse possession after ouster would give good title.

W. L. Gray bought the interest of Nancy M. Maddox at a judicial sale made by order of the probate court to pay the

debts of her estate, adjudged to amount to $239.91. The effort was made to prove that the appellant had tendered to the probate judge, before the sale, $180 as payment of the entire indebtedness of Nancy M. Maddox. The record does not show any effort to prove payment or tender of the entire indebtedness, and of course payment or tender of a part could not affect the validity of the sale. But aside from this, though the appellant was present at the sale and gave notice that the estate of Nancy M. Maddox had no interest in the land, yet he said nothing of tender of payment. Therefore, even if tender of the whole amount had been made, it would not affect the title of the purchaser, who bought on the faith of a judicial decree without notice of the tender. *Iseman* v. *McMillan*, 36 S. C., 27, 15 S. E., 336. The evidence, therefore, was irrelevant.

The exceptions are not clear, but as the appellant was without counsel, we have endeavored to consider all of the questions both of law and fact, suggested in the argument, or indicated by the record.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.