## 7644

### CARR v. MOUZON.

1. RECORDING.—CHARGE as to recording deeds was in accord with the statute and could not have conveyed the impression that grantee could hold under a deed of long standing without respect to issue of adverse possession.

2. REAL PROPERTY—IBID.—Where the issue is whether a possession was permissive or adverse, it is of no consequence whether the instruction required plaintiff to show twenty years' adverse possession in his grantor after conveyance by him of his interest.

3. IBID.—IBID.—Under this issue it is not a charge on the facts to instruct the jury that permissive possession could not avail against the paper title. Giving a mortgage or deed is assertion of title, but Court should not single out and emphasize a part of the evidence on an issue.

4. IBID.—IBID.—PARTITION—OUSTER.—While parol partition and posses-
sion of part of land so set aside is evidence of ouster, failure to
instruct jury here on that point is not error, because there was no
request and the issue as to the kind of possession was fully submitted
to the jury.

5. APPEAL.—Error alleged in not giving verbal requests not considered
where they are not set out in the record.

6. REAL PROPERTY—ADVERSE POSSESSION.—PRESUMPTION of the acquisi-
tion of title by adverse possession for twenty years cannot arise
from permissive possession however long continued.

7. IBID.—IBID.—An occupancy which is a mere trespass without claim of
title cannot ripen into a good title. The possession must be under
claim of title to ripen into title.

Before SEASE, J., Williamsburg, November term, 1909.
Affirmed.

Action by W. H. Carr against S. R. Mouzon, Sr., D. K.
Mouzon *et al.* From judgment for defendants, plaintiff
appeals. That part of the charge complained of in the first
exception is:

"I charge you that when a deed is on record, and put
on record, it stands as notice to the world, to whoever
takes subsequent deed or conveyance or a mortgage or any
other nature of conveyance, takes it at his own risk, whether
or not he actually sees the deed on record or not, it makes
no difference. That is what the record is for: that is what
we keep the record office for, to put conveyances on record,
and deeds and the recording of mortgages on record and
such like, and when put on there is notice to the world, and
the person who purchases subsequently to the recording of
the mortgage or deed there, takes his mortgages and deeds
at his own risk."

*Messrs. Lee & Asken,* for appellants, cite: *Expectancy
cannot be made subject of assignment:* 4 Cyc., 15; 16 Cyc.,
694-5. *Title by parol partition:* 21 Ency., 1137-8; 6 Rich.
L., 132; 2 Mill., 12; 30 Cyc., 160, 164, 166; 2 Rich. Eq.,

99; 21 Ency., 1192.  *Possession was adverse:* 2 Hill, 488; 3 S. C., 263; 65 S. C., 258; 2 McM., 496; 16 Cyc., 724, 764; 28 S. C., 232; Riley Eq., 9; 16 Cyc., 772, 774; Big. on Estp., 639-41; 13 S. C., 355; 8 N. Y. App. Div., 575.

*Messrs. Kelley & Hinds,* contra, cite: *No error in charging as to the grant from the State: McClure* v. *Hill.* 2 Con. Rep., 420; 2 Bailey, 112; 2 Rich., 22; 14 S. C., 552; 48 S. C., 472.  *No error in declining to charge what was otherwise substantially charged:* 26 S. C., 198; 28 S. C., 29; 33 S. C., 583; 41 S. C., 192; 41 S. C., 440; 41 S. C., 542; 60 S. C., 153.  *No error in declining to charge as to force and effect of facts:* 27 S. C., 541.  *No error in not charging what was not requested:* 70 S. C., 24, 28; 72 S. C., 442; 77 S. C., 404; 68 S. C., 428; 57 S. C., 489; 58 S. C., 47; 60 S. C., 38; 61 S. C., 276; 44 S. C., 398; 44 S C., 526; 46 S. C., 43; 46 S. C., 372; 49 S. C., 348; 50 S. C., 49; 51 S. C., 104; 52 S. C., 438; 54 S. C., 192.  *No error in declining to charge verbal requests:* 50 S. C., 426; 79 S. C., 129; 78 S. C., 401.  *As to who can join in agreement for partition:* Harp., 390; Story's Eq. Jur., sec. 652; 145 U. S., 645; 17 Am. & Eng. Enc., 664; 33 W. Va.  *No error in charging as to undisputed facts:* 47 S. C., 517; 49 S. C., 325; 81 S. C., 1.  *Title cannot be presumed without adverse possession:* 1 Cyc., 1026; 4 Rich., 52; 11 Am. Dec., 70; 59 Am. Dec., 115; 9 Wheaten, 241; 46 Am. St. R., 858; 89 Am. Dec., 456; 1 Speer., 231; 1 N. & McC.; 25 S. C., 256.  *The charge must be considered as a whole:* 29 S. C., 4; 29 S. C., 34; 37 S. C., 335; 40 S. C., 383; 41 S. C., 440.  *Error in charge that does not effect the verdict is immaterial:* 40 S. C., 92; 40 S. C., 434; 40 S. C., 134.

August 2, 1910.  The opinion of the Court was delivered by

MR. JUSTICE WOODS.  The appeal is from a judgment in favor of the defendants in an action to recover possession

of land. On the 2d day of July, 1860, L. W. Mouzon conveyed by quitclaim deed to his brothers, John P. Mouzon, Dunkin K. Mouzon and Samuel R. Mouzon, all his right, title and interest in two tracts of land in Williamsburg county, referred to in the deed as lands "more particularly mentioned in the will of Samuel R. Mouzon, deceased," the father of grantor and grantees. This deed was recorded on 27th May, 1861. A tract of two hundred and forty-five acres, part of the land embraced in this deed, is the subject of controversy in this action. The defendants, John P. Mouzon, Dunkin K. Mouzon, the grantees in this deed, and the other defendants, heirs of the grantee, Samuel R. Mouzon, are in possession of the land.

The pliantiff claims through L. W. Mouzon, by later conveyances, as follows: (1) Deed of conveyance from L. W. Mouzon to B. B. Mouzon, dated October 10, 1900, covering the tract of 245 acres, except a small lot conveyed to a church; (2) Mortgage of B. B. Mouzon to A. S. Coker, dated 9th October, 1907; (3) Deed of conveyance from H. O. Britton, clerk, to the plaintiff, dated 3d of November, 1908, under a judgment of foreclosure under the above stated mortgage.

If the cause depended on the paper title alone the plaintiff could have no chance of recovery, because both parties claim through L. W. Mouzon, and it is not denied that the defendants have the older deed from him. Plaintiff's counsel, it is true, contended that the defendants had not acquired title from L. W. Mouzon, because at the time he conveyed, in 1860, he had, under the will of his father, only a contingent interest in the land. The will is not in the record, and the Court cannot assume that the interest of L. W. Mouzon was contingent; but even if such an assumption could be allowed the result would be the same, for it is well settled that a contingent remainder is assignable. *Alston* v. *Bank,* 2 Hill Ch., 235; *Rountree* v. *Rountree,* 26 S. C., 450, 2 S. E., 474; *Bank* v. *Garlington,* 54 S. C., 413,

32 S. E., 513; *Earle* v. *Maxwell,* 86 S. C., 1; *Rembert* v. *Evans, infra* 445.

The plaintiff's case then depends upon evidence offered by him of adverse possession for a period of ten years under the statute, or for twenty years from which a reconveyance to L. W. Mouzon from the holders of the title would be presumed.

The evidence on both sides was clear to the effect that in 1876, after the execution of the deed of 1861, by which L. W. Mouzon conveyed to his brothers his interest in the lands devised by his father, there was a partition of the lands among all the brothers; that in the partition the tract in dispute was set apart to L. W. Mouzon, and that he remained in possession of it for more than twenty years before he sold to B. B. Mouzon. The practical issue was thus narrowed down to the inquiry, whether the possession of L. W. Mouzon was adverse to his grantees, who held the legal title, or in subordination to the legal title and merely permissive.

On this issue the plaintiff proved that L. W. Mouzon asserted title in 1892 by executing a deed purporting to convey a lot to a church, and in 1893 by executing a mortgage to W. M. Kinder. In addition to this, there was strong parol evidence to the effect that L. W. Mouzon held the land as his own, in that he collected rents, sold timber and spoke of the land as his own.

On the other side, the defendants, S. R. Mouzon and D. K. Mouzon, testified that the land devised was divided, and the tract in dispute set apart to L. W. Mouzon entirely as an act of kindness on the part of his brothers, the agreement being that by permission of the true owners he should have the use of it for his support. There was evidence from another witness that he had heard L. W. Mouzon say that the land belonged to his brothers. In reply H. H. Kinder, one of the persons who had made the division of the land,

30—86

by request of the brothers, testified that he heard nothing
of any agreement that L. W. Mouzon was to hold the land
assigned to him in subordination to the title of his brothers.

The exceptions to the charge are very numerous and
elaborate, but from the above statement it will be obvious
that the material inquiry is whether there was error in
stating to the jury the law bearing on the subject of ten
years' adverse possession under the statute, and twenty
years' adverse possession from which a grant is presumed,
as distinguished from permissive possession in subordination
to the legal title.   Short reference to the numerous points
made by the exceptions will be sufficient to show that there
was no error in submitting the issue to the jury.

1. The instruction as to the effect of recording papers
was in precise accord with the statute, and certainly did not
convey the impression that the defendant was entitled to
hold the land under the deed of 1861, without respect
to the issue of adverse possession; for the charge as
to the right to recover against the legal title on proof
of adverse possession for the requisite period was several
times repeated.

2. The charge was clear and explicit as to the difference
between adverse possession for ten years under the statute
and adverse possession for twenty years which will presume
a deed or a grant; but even if the charge had required
that the plaintiff must show twenty years' adverse
possession in L. W. Mouzon, after conveyance of
his interest in 1861, the error would have been of no con-
sequence, for the issue was not whether he had been in pos-
session for twenty years, but whether the possession for
twenty years was adverse or permissive.

3. There is no foundation for the exception that the
charge was to the effect that the plaintiff could not
recover on any adverse possession but his own; in the
first request of the plaintiff, given to the jury as the

law, it was clearly stated that the plaintiff could recover on the possession of L. W. Mouzon adverse to the defendants. The issue being whether the possession of L. W. Mouzon was adverse or permissive, it was proper for the Court, in connection with a similar request, to instruct the jury that permissive possession could not avail against the paper title. It is not perceived how this could be regarded a charge on the facts.

4. It is true that the giving of a deed or mortgage by one in possession of land is ordinarily evidence of the assertion of title, but it was not error for the Court to refuse to single out and emphasize this portion of the evidence on the subject of adverse possession.

5. Parol partition between tenants in common and exclusive possession of one of the cotenants thereunder is evidence of ouster, from which adverse possession of the tenant who holds under such partition may begin against the others and ripen into a title. *Ewing* v. *Burnet,* 11 Pet., 41, 9 L. Ed., 624; *Few* v. *Killer,* 63 S. C., 154, 41 S. E., 85; *Green* v. *Cannady,* 71 S. C., 317, 51 S. E., 92. But even parol partition is only evidence of adverse possession. There was no request that the Court should charge specifically on the effect of parol partition between tenants in common. Indeed, L. W. Mouzon, having conveyed away his interest, was not a tenant in common, and any charge on that subject would have been inapplicable. Regarding the setting apart of the land as a gift to him by his brothers, or a partition by them waiving their rights under the deed of 1861, the question would then remain, what was the nature of the gift or the extent of the waiver. If the gift or the waiver was understood by the parties to extend only to the use of the land by L. W. Mouzon for his life, in subordination to the title he had made to his brothers, there could be no adverse possession. This issue was fully submitted to the jury.

6. Even if there were no other obstacle to the consideration of certain verbal requests to charge, set out in the exceptions, it would be sufficient to say that the record does not show that such requests were made.

7. The presumption of the acquisition of title by deed or grant arises from adverse possession for twenty years; it cannot arise from permissive possession, however long continued: the Circuit Judge did not err in so charging. *Trustees* v. *Metz,* 4 Rich., 52; *McClure* v. *Hill,* 2 Mill. Con., 425; *Trustees* v. *Jennings,* 40 S. C., 180, 18 S. E., 257.

The remaining point is made by the following exception: "That his Honor erred in charging the jury defendant's eighth request to charge, as follows: 'Where a party enters upon land and takes possession without claim of title, his acceptance is subservient to the paramount title, not adverse to it. It is nothing more than a trespass, and no matter how long continued can never ripen into a good title; and where the occupant expressly disclaims title he cannot, of course, acquire title by adverse possession. The claim must be of title or ownership in fee. A claim simply of an unexpired term of years is not in hostility to, but in accord with, the true title;' the error being that title by adverse possession is founded in trespass, and in charging the jury that a trespass, 'no matter how long continued', can never ripen into a title,' the Court erred, and thereby excluded from its consideration the possession of L. W. Mouzon, prior to the date of his deed to B. B. Mouzon, and, in effect, told the jury that if L. W. Mouzon's possession was founded in trespass, it could not ripen into a good title, and in so charging, it is submitted, the Court erred."

Sections 102 to 105, of the Code of Civil Procedure, clearly require that possession, to be available as adverse in an action for the recovery of real estate, shall continue for ten years under a claim of title. The claim of title may

be inferred from particular actions, or the general course of the occupant in dealing with the land : it is not necessary to prove express notice to the owner of the claim of title. By section 101, of the Code of Procedure, it is further enacted: "In every action for the recovery of real property, or the possession thereof, the person establishing a legal title to the premises shall be presumed to have been in possession thereof within the time required by law; and the occupation of such premises by any other person shall be deemed to have been under and in subordination to the legal title, unless it appear that such premises have been held and possessed adversely to such legal title for ten years before the commencement of the action."

It is, therefore, true, as said by the Court, that an occupancy which is a mere trespass without claim of title cannot ripen into a good title. There was in this case no proof of any trespass whatever, for the witnesses on both sides testified that L. W. Mouzon, under whom plaintiff claims, was in possession of the land for twenty years; that he entered and remained in possession for twenty years, with the full consent of the holders of the legal title, in pursuance of a parol partition. If this possession after the partition was under a claim of L. W. Mouzon that the land was his own, either by virtue of the parol partition or otherwise, then the plaintiff was entitled to recover. On the other hand, if the possession of L. W. Mouzon was not under a claim that the land was his own, but was in subordination to the legal title, the plaintiff could not recover. Examination of the entire case, and analysis of the issues involved, leads to the conviction that this issue was fairly submitted to the jury. The equitable issue, as to the deed from L. W. Mouzon to B. B. Mouzon, is involved not in the appeal.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.