20139

Mary H. SANDEL and Orin Sandel, Appellants, v.
Frank N. COUSINS, Respondent.

(221 S. E. (2d) 111)

*Thomas D. Broadwater, Esq.,* of Columbia, *for Appellants,*

*Thomas H. Pope, Esq.,* of *Pope and Schumpert,* Newberry, *for Respondent,*

December 30, 1975.

LEWIS, Chief Justice:

This action was instituted by appellants to recover actual and punitive damages for the alleged trespass by respondent upon their real property and cutting and removing trees therefrom. This appeal is from an involuntary nonsuit, entered by the trial judge at the close of appellants' testimony, on the ground that appellants had not proved the amount of their damages.

The appeal to this Court is upon the following single exception:

"The court erred in granting the motion for nonsuit, the error being the matters of willfulness or negligence and damages were properly for the jury."

We refused, in a formal order, a motion by respondent to dismiss the appeal, made on the ground that the foregoing exception did not comply with Rule 4, Section 6, of the Rules of this Court in that it was too general, vague, and indefinite to be considered. Since counsel for respondent has in his brief, again made reference to the deficiencies in the exception and since even a fleeting glance at the exception reveals its complete failure to comply with Rule 4, Section 6, we think an explanation of why we reach the merits of the appeal should be made.

Although it is impossible to determine from the exception the points of law or fact the appellant desires the Court to review, the exception does state that the appeal is from the order of nonsuit and the Statement of the Case contains the following stipulation:

"At the conclusion of plaintiff's case, defendant moved and was granted a nonsuit on the ground of failure of plain-

tiffs to prove actual and/or punitive damages. It is from the granting of such motion this appeal is taken."

It therefore readily appeared from the exception and the Statement that the sole issue presented for review was whether there was any evidence warranting submission of the issue of damages to the jury. The briefs further readily revealed that there was no proof to establish the exact amount of damages and that appellant relied upon the right to recover nominal damages.

Under the foregoing circumstances, the court was able to readily determine the issue sought to be raised and, seeing merit to the appeal, concluded to consider the exception to the end that a meritorious case is not disposed of on technical grounds.

Appellants presented testimony showing that they purchased a one acre, heavily wooded lot from respondent for the purpose of constructing a house thereon. However, within a few hours after the sale was completed, a work crew began cutting and removing trees from the lot. No protest was made by appellants at that time because they were under the impression that the trees were being removed by the contractor who was to build their home. The cutting continued into the next day and until practically all of the trees were removed from the front of the lot.

Respondent's answer indicates that his defense would have been that the timber had been sold prior to the sale of the lot to appellants and that they purchased with full knowledge of the prior sale of the timber.

There was no testimony from which a conclusion could have been drawn as to the amount of the damages sustained from the alleged removal of the timber. The trial judge granted a nonsuit because of this lack of proof of the amount of the damages.

> While there was no evidence to establish the exact amount of actual damages sustained, there was evidence from which the inference could be drawn that

respondent closed the sale of the lot to appellants about 12:30 p. m. and thereafter, without authority, had a crew removing timber from the property at 4:30 p. m. on the same day. This, if believed by the jury, would support a recovery of at least nominal damages, *Few v. Killer,* 63 S. C. 154, 41 S. E. 85; and, in addition, an award of punitive damages, *Hinson v. A. T. Sistare Construction Co.,* 236 S. C. 125, 113 S. E. (2d) 341.

Since there was evidence to show that appellants were entitled to recover nominal damages, the lower court was in error in granting a nonsuit. *Jones v. Atlantic Coast Line R. Co.,* 108 S. C. 217, 94 S. E. 490.

The judgment is accordingly reversed and the case is remanded for a new trial.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.