0015

Sarah P. PERKINS and John H. Parkins, IV, of whom Sarah P. Perkins is Appellant, v. John H. PARKINS, III, Respondent.

(309 S. E. (2d) 781)

Court of Appeals

*Sarah Perkins,* of Taylors, *pro se.*

*Paul J. Foster, Jr.,* of *Foster & Richardson,* Greenville, *for respondent.*

Dec. 5, 1983.

GOOLSBY, Judge:

The appellant Sarah P. Perkins appeals the family court's interpretation of a divorce decree provision relating to the establishment of a trust, the court's failure to increase child support, and the court's failure to adjudge the respondent John H. Parkins, III, in contempt of court for not paying certain medical and dental bills. We affirm the family court's conclusions regarding the trust and child support questions, but we remand the contempt issue.

Although six of the appellant's eight exceptions violate Supreme Court Rule 4, Section 6, because they do not contain a complete assignment of error, we will nonetheless consider the questions argued in her brief. *See Baker v. Weaver,* 309 S. E. (2d) 770 (S. C. Ct. App., 1983); *Sandel v. Cousins,* 266 S. C. 19, 221 S. E. (2d) 111 (1975).

The appellant's first argument focuses on the family court's interpretation of a trust provision included in the decree divorcing her and the respondent on September 28, 1965. Pertinent portions of the divorce decree follow:

> It appears ... that [respondent] has established and will keep in force and effect a trust agreement whereby the proceeds of certain insurance policies will be made avail-

able for the education and benefit of the two minor children born to this union. . . .

\* \* \*

Now, therefore, it is ordered . . .

\* \* \*

That the following property settlement . . . is . . . adjudged a part of this decree:

\* \* \*

c) [Respondent] shall establish and keep in full force an insurance trust in an amount not less than Fifteen Thousand ($15,000.00) Dollars per child, with a national bank as Trustee, in order to protect [John H. Parkins, IV, and Rena Lee Parkins] from any undue medical and dental expense and to guarantee their education, with any residual amounts not so used by said children to accrue to them at a certain age, which insurance trust shall be irrevocable.

The appellant maintains that the trust designed to protect the parties' two children from undue medical and dental expenses and to guarantee their respective educations was to consist of ready funds in the amount of Fifteen Thousand Dollars ($15,000) for each Parkins child.

The construction to be given the divorce decree's trust provision can be determined by its language. *Chiles v. Chiles*, 270 S. C. 379, 242 S. E. (2d) 426(1978). If the language is perfectly plain and capable of legal construction, the words alone will determine the provision's force and effect. *Superior Auto Insurance Company v. Maners*, 261 S. C. 257, 199 S. E. (2d) 719 (1973).

To us, the language of the trust provision appears clear and unambiguous and determines the result here. The language plainly directed the respondent to establish an *"insurance trust* in an amount not less than Fifteen Thousand ($15,000.00) Dollars per child, with a national bank as Trustee, in order to protect [John H. Parkins, IV, and Rena Lee Parkins] from any undue medical and dental expenses and to guarantee their education. . . ." [Emphasis ours.] An insurance trust has been defined as

"... an agreement between a person whose life is insured and a trustee, usually a trust company, whereby the insurance money, the cash proceeds of the policy, is paid directly to the trustee for its investment and distribution to designated beneficiaries in any such manner, or at any such time or times, as the insured has directed in his trust agreement with the trustee...." 2 Couch, Cyclopedia of Insurance Law, 1048, § 355.

*In re Reynolds Estate*, 131 Neb. 557, 268 N. W. 480, 486-87 (1936).

Nowhere do we discern any requirement that the respondent establish the trust in question by an irrevocable contribution of cash or other liquid assets in the amount of Fifteen Thousand Dollars ($15,000) per child. No language in the decree demanded that immediatley available funds be used to underwrite the trust. We agree with the respondent and the family court and hold that the decree's trust provision required no such contribution. The trust was to consist only of "insurance money"; that is, the proceeds of insurance policies. *Id.*

The appellant next complains about the family court's refusal to increase the amount of child support which she was receiving under prior decrees.

The amount of child support to be awarded by the court is within the sound discretion of the trial judge whose decision will not be disturbed on appeal unless an abuse of discretion is shown. *Spires v. Higgins*, 271 S. C. 530, 248 S. E. (2d) 488 (1978); *Smith v. Smith*, 264 S. C. 624, 216 S. E. (2d) 541 (1975). A child support award is subject to continuing review and may be modified by the court if evidence is produced showing a sufficient change of conditions warrants a modification. *Moseley v. Mosier*, S. C. 306 S. E. (2d) 624 (1983); *Graham v. Graham*, 253 S. C. 486, 171 S. E. (2d) 704 (1970); S. C. Code of Laws § 20-3-160 (1976).

Because the son had reached age twenty-one, under the terms of the decree only the daughter remained eligible for support payments. The appellant offered evidence that her daughter attended Clemson University full-time and that expenses for the daughter amounted to approximately Four Hundred Dollars ($400) a month. Without more, that

evidence was insufficient to establish a change of conditions warranting a modification in child support. Besides, the lower court found that the respondent was contributing approximately Five Thousand Dollars ($5,000) annually toward his daughter's support. Included in that figure were tuition and other college related expenses as well as court-ordered monthly child support payments of Two Hundred Dollars ($200).

Here the appellant failed to show a change of circumstances sufficient to justify an increase in child support. *Garris v. Cook*, 278 S. C. 622, 300 S. E. (2d) 483 (1983). The trial judge's refusal to make a larger child support award involved a proper exercise of his discretion.

The final question raised by the appellant concerns the provision of the 1965 divorce decree requiring the respondent to maintain "adequate insurance coverage for medical and dental care for the benefit of [the] minor children." The appellant sought an order declaring the respondent in contempt of that provision. No findings of fact were made by the lower court regarding the issue. Indeed, the lower court did not address it at all.

The appellant's testimony indicated that several medical bills submitted by her to the respondent either were not paid or were paid only partially. She further testified that the respondent's health insurance provider never received some of the bills.

Whether the respondent failed to carry "adequate insurance" and whether he wrongfully refused to submit medical bills to his health insurance provider are issues which cannot be determined from the record before us. Obviously, the family court erred in failing to treat them.

Accordingly, the case is remanded for another hearing on the issue of contempt. Specific findings of fact pursuant to Rule 27(C) of the Family Court Rules shall be made regarding whether the respondent provided "adequate" medical and dental insurance coverage and whether the respondent wrongfully refused to submit medical bills to the health insurance provider.

Affirmed in part and remanded in part.

SHAW and CURETON, JJ., concur.