**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Lawrence Potts, Candace Marie Potts, and Lanette Zimmerman, Appellants,

v.

Edward E. Yager, Respondent.

Appellate Case No. 2015-001472

---

Appeal From Dorchester County
Carmen T. Mullen, Circuit Court Judge

---

Unpublished Opinion No. 2017-UP-464
Heard October 5, 2017 – Filed December 20, 2017

---

**REVERSED AND REMANDED**

---

Michael Allan Maucher, of DeLuca & Maucher, LLP, of Goose Creek, and Kevin Roger Eberle, of Charleston, for Appellants.

Jenny Anderson Horne, of Jenny Horne Law Firm, LLC, of Summerville, for Respondent.

---

**PER CURIAM:** Lawrence R. Potts (Potts), Candace Potts (Candace), and the Potts' daughter, Lanette Zimmerman, (collectively, Appellants) appeal the trial judge's denial of their claim for conversion against Edward E. Yager (Respondent)

following a bench trial.  Appellants argue on appeal the trial judge erred in ruling in favor of Respondent based on the judge's finding of a failure of evidence to support damages.  We reverse and remand for reconsideration of any damages that may be due in relation to disposal of Potts' trailer alone.

1.      As to Appellants' argument in their brief that they met all the necessary elements to be entitled to a judgment on their conversion action based upon Respondent's failure to follow the proper statutory guidelines, we decline to address the same.  Appellants do not raise a separate issue in this regard, but only argue it in conjunction with their argument of error in the trial judge's finding that damages were not proven.  *See* Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."). Further, there is no argument of counsel before the trial judge, nor any briefs submitted to the trial judge, in the record before us.  The record contains absolutely nothing to show the parties' trial positions or any law in support of their positions concerning whether there was in fact a conversion of the property under the facts of this case.  The trial judge also made no mention whatsoever on the validity of Appellants' conversion claim in her order.  Rather, she resolved the matter solely on the basis of damages, and that is the only issue Appellants raise to us on appeal.

We also recognize Respondent argues on appeal that he had the legal right to sell Appellants' property and, therefore, Appellants' claim for conversion should be dismissed as a matter of law.  However, he fails to specifically raise, as an additional sustaining ground, that he did not convert Appellants' property. Accordingly, we decline to address whether a conversion occurred in this matter. *See I'on, LLC v. Town of Mt. Pleasant*, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) ("[A] respondent may abandon an additional sustaining ground . . . by failing to raise it in the appellate brief."); *id.* ("The appellate court may review respondent's additional reasons and, *if convinced it is proper and fair to do so*, rely on them or any other reason appearing in the record to affirm the lower court's judgment."(emphasis added)); *id.* ("An appellate court may not rely on Rule 220(c), SCACR, when the reason does not appear in the record, or when the court believes it would be *unwise or unjust to do so in a particular case*. It is within the *appellate court's discretion* whether to address any additional sustaining grounds." (emphases added)); *id.* 338 S.C. at 420 n.9, 526 S.E.2d at 723 n.9 ("The appellate court may or may not wish to address [a respondent's additional sustaining] grounds when it reverses the lower court's decision.").

2.      As to whether the trial judge erred as a matter of law in granting a defense verdict based upon Appellants' proof of damages, we find no error as relates to the

trial judge's determination concerning the contents of the trailer, but we do find error in finding no damages at all given evidence concerning value of the trailer itself.[1]  We disagree with Appellants' argument that the trial judge improperly dismissed evidence as related to the items allegedly stored inside the trailer.  The credibility of the parties in this action at law, tried without a jury, is in the province of the trial judge.  *See Moore v. Benson*, 390 S.C. 153, 162, 700 S.E.2d 273, 278 (Ct. App. 2010) ("An action for conversion is an action at law.");  *Jordan v. Judy*, 413 S.C. 341, 348, 776 S.E.2d 96, 100 (Ct. App. 2015) (noting the factual findings of a trial judge in a law action are equivalent to those of a jury, and "[q]uestions regarding credibility and the weight of the evidence are exclusively for the trial [judge]").  This court's scope of review is limited to correcting errors of law and determining whether the trial judge's findings are properly supported by competent evidence.  *Mathis v. Brown & Brown of S.C., Inc.*, 389 S.C. 299, 307, 698 S.E.2d 773, 777 (2010); s*ee Jordan*, 413 S.C. at 347-48, 776 S.E.2d at 100 ("On appeal of an action at law tried without a jury, [an appellate court] will not disturb the trial [judge's] findings of fact unless no evidence reasonably supports the findings."). Here, there is competent evidence to support the trial judge's determination concerning damages regarding items inside the trailer.  First, the trial judge made clear that the testimony of Potts and Candace in this regard lacked credibility.  She cited the fact that Candace testified that she mistakenly left jewelry she wore every day in the trailer in 2007 and never went back to retrieve it.  The trial judge also noted the testimony concerning a Snap-On tool box being in the trailer, and found witness James Proctor or his mechanic would have noticed something of that size and value when they looked inside the trailer.  Aside from the lack of credibility,

---

[1] Appellants were not required to raise in a post-trial motion the general argument that the trial judge erred in finding for Respondent based upon her determination that damages were not proved.  Notably, Rule 52(b) of the South Carolina Rules of Civil Procedure—dealing with findings made by a court—provides in part as follows: "When findings of fact are made in actions tried by the court without a jury, *the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question* has made in the trial court an objection to such findings or *has made a motion to amend them* or a motion for judgment."  Rule 52(b), SCRCP (emphasis added).  Appellants' assertion that the trial judge erred in finding damages were not proven is a challenge to the sufficiency of the evidence to support the judge's findings, and any arguments challenging the trial judge's finding as being unsupported by the evidence is preserved.  Thus, Appellants' specific challenge to the trial judge's failure to find damages in the face of uncontroverted evidence is properly preserved in spite of not having been raised in a motion to amend.

there is evidence from Proctor that he observed some of the contents in the trailer and additionally had another individual climb further into the trailer to look at the items, but he thereafter declined to pay even $50 for all of the contents. Further, Respondent testified Proctor informed him there was nothing of any value inside the trailer. Thus, there is some evidence that the contents had no value.

Nonetheless, we agree with Appellants that, beyond the alleged contents, the *only* evidence is that the trailer itself was clearly shown to have value, and the trial judge, therefore, erred in concluding "damages remain unproven." Evidence was presented at trial from Appellants' expert witness that the trailer had a fair market value of $8,006.25. The trial judge noted in her order that Proctor testified as an expert, and he valued the trailer at $5,000.[2] There is also evidence that, the day after Respondent sold the trailer, it was thereafter sold to a car crushing company for $4,352. Finally, at a very minimum, there is evidence Respondent sold the trailer for $1,000. Though the trial judge acknowledged in her order that the trailer was sold for $1,000, and that at least one expert valued it at $5,000, she made no finding regarding any value for the trailer itself. Rather, she concentrated on the Appellants' lack of credibility as to the contents and the values of the alleged contents inside the trailer in determining that "damages remain unproven." Because the only evidence is that the trailer had value, we find no competent evidence supports the trial judge's finding that damages were unproven.

3.     As to Appellants' assertion the trial judge erroneously relied on a lack of evidence from vendors because they were entitled to an adverse inference against the spoliator—Respondent—and the trial judge failed to rely on this legal presumption, we find this argument is not preserved.[3] There is nothing to suggest

---

[2] The record on appeal includes a limited amount of testimony from Proctor, and does not include evidence to support this finding by the trial judge. However, neither Appellants nor Respondent challenge this finding by the trial judge on appeal.

[3] While Appellants may properly challenge on appeal the sufficiency of the evidence to support the trial judge's findings without having raised such in a post-trial motion, this specific argument does not challenge the sufficiency of the evidence. Rather, it is a challenge against the failure of the trial judge to consider a legal concept. *See Noisette v. Ismail*, 304 S.C. 56, 58, 403 S.E.2d 122, 123-24 (1991) (holding, in a declaratory judgment action tried without a jury, because the trial judge did not explicitly rule on the insurer's argument that Noisette failed to prove Ismail was a permissive user and the insurer failed to show it made a motion

Appellants ever made a spoliation argument to the trial court. Further, it was not ruled upon by the trial judge. *See Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 563, 567, 762 S.E.2d 693, 695 (2014) ("Issue preservation rules are designed to give the trial court a fair opportunity to rule on the issues, and thus provide the Court with a platform for meaningful appellate review."); *Id.* ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review." (quoting *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998))); *Life of Georgia Ins. Co. v. Bolton*, 333 S.C. 406, 412, 509 S.E.2d 488, 491 (Ct. App. 1998) (holding an issue that was not ruled upon by the master-in-equity was not preserved where no post-trial motion was filed to bring the matter to the master's attention).

4.     We likewise find Appellants' argument concerning nominal damages is not preserved for our review. Appellants argue on appeal the trial judge's finding that they suffered no losses at all, and not just insufficiently quantified losses, amounted to legal error because at least nominal damages are presumed.[4] As with the spoliation argument, this argument is not preserved. There is nothing to indicate Appellants ever raised this to the trial judge, and the trial judge never ruled on the same.

5.     Finally, contrary to Appellants' assertion, our reversal of the trial judge's determination concerning damages does not warrant a new trial. Citing *Sandel v. Cousins*, 266 S.C. 19, 221 S.E.2d 111 (1975), Appellants maintain this court should reverse and remand for a new trial. There, our supreme court held the trial judge erred in granting a nonsuit when it should have submitted the issue of damages to the jury. *Id.* at 22-23, 221 S.E.2d at 112. This case is clearly distinguishable from *Sandel*, inasmuch as *Sandel* involved a jury trial, whereas this matter was tried before a trial judge sitting without a jury. In *Sandel,* the trial was improperly ended at the close of the appellants' case and before the jury could consider the matter. *Id.* at 21, 221 S.E.2d at 111. Here, the trial judge, sitting without a jury, did not prematurely end the trial, but heard all of the evidence and

---

to amend or alter judgment on that ground, the issue was not properly before the Court of Appeals and should not have been addressed).

[4] Again, Appellants are not directly challenging the sufficiency of the evidence to support the trial judge's findings concerning damages by this assertion. Rather, they are arguing error in the trial judge's failure to consider this legal argument in her determination of damages.

deliberated.  Though we find the trial judge erred in finding Appellant's damages were unproven since—assuming Respondent converted Appellants' property—there is evidence of damage in the sale of the trailer, a remand for reconsideration of such damages does not require a new trial before this trial judge.

We decline to find, as proposed by Respondent, that the trial judge possibly determined there were no damages due Appellants based upon a set-off of rent owed to Respondent against the value of the trailer.  Though she recognized evidence concerning value in the trailer, she never made a determination of that value.  Further, she never made any determination concerning whether Respondent's sale of the property was legally permissible, which—if it was— would preclude recovery of any damages by the Appellants and, in turn, any need for a set-off.  Most importantly, the trial judge never discussed a set-off, and did not find there were no damages due to Appellants.  Rather, she found damages were "unproven."  To find the trial judge set-off any damages for the trailer against rent due to respondent would require this court to engage in speculation and conjecture.  *See In re Treatment & Care of Luckabaugh*, 351 S.C. 122, 132-33, 568 S.E.2d 338, 343 (2002) ("Trial courts, sitting without juries in an action at law, write their findings specially and separately: 'to allow a reviewing court to determine from the record whether the judgment—and the legal conclusions which underlie it—represent a correct application of the law. The requirement for appropriately detailed findings is thus not a mere formality or a rule of empty ritual; it is designed instead to dispose of the issues raised by the pleadings and to allow the appellate courts to perform their proper function in the judicial system.'" (quoting *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (N.C. 1980))); *id.* at 133-34, 568 S.E.2d at 343-44 (declining to speculate on how the lower court viewed the ultimate facts when confronted with contradictory evidence, finding the absence of factual findings made the appellate court's task of reviewing the court order impossible because the reasons underlying the decision were left to speculation and determining review of the record by the appellate court could not "save the order from its deficiencies due to the contradictory testimony presented below.")  Accordingly, we reverse and remand to the trial judge to reconsider damages in light of uncontroverted evidence of value of the trailer.

**REVERSED AND REMANDED.**

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**