21846

Howard GERMAIN, Respondent, v. Kurt L. NICHOL, Appellant.
(299 S. E. (2d) 335)

*Otto W. Ferrene, Jr.,* of *Ferrene & Associates,* Hilton Head Island, *for appellant.*

*Ronald R. Norton,* of *Harvey, Battey & Bethea,* Hilton Head Island, *for respondent.*

Jan. 5, 1983.

*Per Curiam:*

This is an appeal from an action in conversion resulting in a $1,200 verdict for respondent.

Three of appellant's four exceptions violate Supreme Court Rule 4, § 6 because they do not contain a complete assignment of error. *See South Carolina Insurance Department v. Estrada,* S. C. 287 S. E. (2d) 475 (1982); *Barbee v. Poston,* S. C. 289 S. E. (2d) 649 (1982). We dismiss these exceptions.

Appellant's remaining exception is to the effect that the evidence does not justify the award of actual damages. Appellant does not present this Court with any of the trial testimony. Appellant has the burden of providing this Court with a sufficient record upon which this Court can make its decision. *Wilson v. American Casualty Co.,* 252 S. C. 393, 166 S. E. (2d) 797 (1969). We find appellant has failed to satisfy this burden.

Furthermore, in the Statement of the case appellant concedes that respondent's evidence was uncontroverted. The Statement of the case recites: "[T]he plaintiff in the trial of the cause presented evidence to establish the conversion of plaintiff's property and the resulting damage. The plaintiff's evidence was uncontroverted as the Defendant was not present at trial and the defense put on no witnesses." The parties are bound by the Statement of the case. *Patel, et al. v. Southern Brokers, Ltd.,* S. C. 289 S. E. (2d) 642 (1982).

The judgment of the lower court is affirmed.

NESS, J., not participating.