0574

Gladys HOLME, Appellant-Respondent, v. George P. HOLME, Respondent-Appellant.

(336 S. E. (2d) 508)

Court of Appeals

*John L. Weaver* of *Yarborough, Lewis, Weaver & Stuart,* Florence, *for appellant-respondent.*

*Daniel B. Causey, III,* Darlington, *for respondent-appellant.*

Heard Sept. 23, 1985.

Decided Nov. 6, 1985.

CURETON, Judge:

The parties were divorced in 1972. Since their divorce, the parties have been back to family court several times. This is another episode in the ongoing litigation between the parties. In this action, the family court judge granted the wife an increase in alimony and attorney's fees, but denied her

request both for an equitable interest in the marital home and for payment of her medical bills. The family court did not address the husband's prayer for possession of the marital home. Both parties appeal. We reverse in part and remand.

In 1972 the wife was granted a divorce, $250.00 per month alimony and child support. Additionally, the husband was ordered to pay certain medical expenses, provide group insurance for the wife and maintain the marital home. A 1976 family court order required the husband to pay the mortgage payments for the marital home and maintain the marital home in which the wife continued to reside and to pay $175.00 per month alimony. The order also provided the following concerning payment of medical expenses:

> I find that [the wife's] present Five Hundred Dollars ($500.00) outstanding medical bills were accumulated since August 17, 1975, until the date of the hearing, to wit: March 23, 1976, or a period of eight (8) months. For which she, under the terms of the divorce decree, would be liable for One Hundred Sixty Dollars ($160.00) and thereof, Petitioner (husband) would be liable for Three Hundred Forty Dollars ($340.00).
>
> . . . .
> It is further ORDERED that Petitioner pay unto Respondent the sum of Three Hundred Forty Dollars ($340.00) as his proportionate share of existing medical bills as of the date of the hearing, March 23, 1976 and to maintain the hospital insurance on Respondent. . . .

The instant action was commenced by the wife in 1982 seeking an increase in alimony. She alleged that her health had deteriorated and the husband's earnings had increased since the last court order. She also requested enforcement of the court's prior orders concerning medical reimbursement and maintenance of the marital home. She further prayed for an equitable interest in the marital home. The husband denied there had been a change of circumstances warranting the relief requested by the wife, denied that he had not complied with prior court orders and demanded possession of the marital home.

On appeal the wife argues that the trial judge erred (1) in

striking her prayer for payment of medical expenses; (2) in awarding her only $300.00 attorney's fees; and (3) in disallowing the introduction of the husband's deposition into evidence. The husband argues that the trial judge should not have increased the wife's alimony award; should not have awarded the wife attorney's fees; and finally, should have required the wife to vacate the marital home.

## WIFE'S APPEAL

The trial judge struck the wife's cause of action for payment of medical expenses by interpreting the above quoted provisions of the 1976 order to have eliminated all requirements that the husband be responsible for the wife's medical expenses, except for the cost of medical insurance. We hold this was error. An order should be construed within the context of the proceeding in which it is rendered. *Dibble v. Sumter Ice and Fuel Co.*, 283 S. C. 278, 322 S. E. (2d) 674, 677 (Ct. App. 1984). Clearly, the trial judge who entered the 1976 order interpreted the 1973 decree to require the husband to pay the wife's medical expenses in excess of $20.00 per month. Our reading of the pertinent provisions of the 1976 order convinces us that the trial judge simply found the wife had outstanding medical bills of $500.00 and under the 1972 decree the husband was responsible for $340.00 of that amount. The judge merely ordered the husband to pay his share of the accrued medical bill. We discern no intention on his part to relieve the husband of future medical obligations. We therefore, reverse the order of the trial judge as it relates to this issue and remand for a determination of the wife's entitlement to payment of her medical bills.

The wife next argues the attorney's fees award was inadequate. The wife's attorney filed with the court a statement of time devoted to the case. There is no other evidence in the record to justify her claim for attorney's fees of $860.00.[1] The trial judge limited the attorney's fees award to $300.00 based on "the financial means of the parties and the lack of showing any conscious effort

---

[1] Indeed, the printed testimony of the parties contained in the Transcript of Record consists of a scant seven pages.

[on the part of the wife] to negotiate a settlement." Ordinarily we would affirm this award based upon the failure of the wife to present a sufficient record on appeal to show error. *See e.g. Thomas v. Freeman,* 333 S. E. (2d) 76 (S. C. Ct. App. 1985) (issue dismissed without review because of appellant's failure to provide the court with a sufficient record for review); *Germain v. Nichol,* 278 S. C. 508, 299 S. E. (2d) 335 (1983) (appellants only proper exception not addressed and judgment of the lower court affirmed because appellant failed to furnish court with sufficient record for review). We nonetheless remand this issue because our remand of other support awards in this case will require the attorney's fees award to be reconsidered.

Finally, the wife argues that she should have been permitted to introduce into evidence the deposition of the husband to show changed circumstances especially as to the husband's increased income. S. C. Circuit Court Rule 87 D(2) permits a party to take the other party's deposition for use for any purpose at trial. This rule is limited, however, by Family Court Rule 22 which provides that "formal depositions or discovery shall be conducted only by stipulation of the parties or by Court order...." Here, the record makes no reference to either a court order or a stipulation. We are, therefore, unable to adequately review this exception. On remand the trial judge shall consider whether the deposition was taken pursuant to court order or stipulation. In any event, the terms of the order or stipulation rather than Circuit Court Rule 87 shall govern the admission of the deposition.[2]

## HUSBAND'S APPEAL

The husband argues that the wife has not shown such a change in conditions as would warrant a $100.00 per month increase of alimony. In increasing the wife's alimony, the trial judge found that "based on the [wife's] deteriorated physical condition, there had been a substantial change of conditions since the last order of this Court." The

---

[2] Family Court Rule 3.5 provides that to the extent the rules conflict with the Circuit Court Rules, the Family Court Rules shall prevail.

scant record before us is insufficient to enable us to accurately review this finding. Ordinarily, we would affirm the trial court's ruling because the husband has not met his burden of presenting us with a sufficient record on appeal to demonstrate the alleged error. *Germain*, 278 S. C. at 509, 299 S. E. (2d) at 335. In view of the fact that an award of alimony should never be made in isolation and since several other issues having an impact upon the proper amount of alimony to be awarded are being remanded, we remand this issue also.

The husband also excepts to the trial court's award of attorney's fees to the wife. Because we have already held the attorney's fee award must be reconsidered by the trial court, we need not concern ourselves with this issue further.

Finally, the husband argues that the trial judge erred in not ruling upon his request for possession of the marital home. We find this to be error. An award by a court of the exclusive right to one party to occupy the marital home is in the nature of support. *Whitfield v. Hanks*, 278 S. C. 165, 293 S. E. (2d) 314 (1982); *Smith v. Smith*, 280 S. C. 257, 312 S. E. (2d) 560, 564 (Ct. App. 1984). The family court has the authority under Section 20-3-170, 1976 Code of Laws of South Carolina, to modify an award of periodic alimony upon a showing of changed circumstances. *Brown v. Brown*, 278 S. C. 43, 292 S. E. (2d) 297 (1982). Clearly, the husband had a right to have his request heard and decided based upon his allegation of altered circumstances. We, therefore, remand this question for proper consideration and compliance with Family Court Rule 27(C).

## SUMMARY

The order of the trial court is reversed insofar as it relates to the striking of the wife's prayer for payment of medical expenses. The case is remanded for determination of (1) whether the husband should reimburse the wife for medical expenses; (2) the adequacy of the attorney's fees award; (3) whether the husband's deposition is admissible as evidence; (4) whether the increase in the alimony award is appropriate; and (5) whether the wife should remain in the marital home. We have purposely remanded these interrelated is-

sues so that the trial judge may consider all elements of support and attorney's fees simultaneously.

Reversed in part and remanded.

SHAW and BELL, JJ., concur.