509 S.E.2d 488

**LIFE OF GEORGIA INSURANCE COMPANY, Plaintiff,**

**v.**

**Donna BOLTON and Edna T. Bolton, Defendants,**

**Of Whom, Life of Georgia Insurance Company and Edna T. Bolton are, Respondents,**

**and**

**Donna Bolton is, Appellant.**

No. 2918.

Court of Appeals of South Carolina.

Submitted Dec. 8, 1998.

Decided Dec. 21, 1998.

W.D. Rhoad, of Rhoad Law Firm, of Bamberg, for appellant.

Timothy S. Mirshak, of Augusta, Georgia; and Charles H. Williams, of Williams & Williams, of Orangeburg, for respondents.

HEARN, Judge:

In this declaratory judgment action involving a life insurance policy, Life of Georgia Insurance Company (Life of Georgia) asked the court to declare the beneficiary of the proceeds of a policy it issued to Fielding L. Bolton, Jr. (Bolton). Bolton died in February of 1996. Before his death Bolton substantially complied with Life of Georgia's procedures for changing the beneficiary from his ex-wife, Donna Bolton (Donna), to his mother, Edna T. Bolton (Edna). The master in equity held Edna was the sole beneficiary of the proceeds.[1] Donna appeals. We affirm.[2]

*Standard of Review*

Whether a declaratory judgment action is legal or equitable in nature is determined by the nature of the underlying issue. *Auto Owners Ins. Co. v. Langford*, 330 S.C. 578, 581, 500 S.E.2d 496, 498 (Ct.App.1998). In general, an action on a life insurance policy is a legal action involving a question of contract law. *Estate of Revis by Revis v. Revis*, 326 S.C.

---

1. The case was referred to the master with finality and direct appeal to the supreme court.

2. We decide this case without oral argument pursuant to Rule 215, SCACR.

470, 484 S.E.2d 112 (Ct.App.1997); *see generally Rickborn v. Liberty Life Ins. Co.,* 321 S.C. 291, 468 S.E.2d 292 (1996). Thus, we must affirm the master's findings unless there is no evidence that reasonably supports them. *Townes Assocs., Ltd. v. Greenville,* 266 S.C. 81, 221 S.E.2d 773 (1976); *Cobb v. Benjamin,* 325 S.C. 573, 482 S.E.2d 589 (Ct.App.1997) *cert. denied* (April 10, 1998).

## Factual Background

In September of 1992, Bolton purchased a life insurance policy from Life of Georgia with a face value of $150,000. He designated Donna, his wife at the time, as sole beneficiary. The policy contained the following provisions:

### OWNERSHIP

The owner of this policy is the named insured if he or she has reached the age of majority.... The owner may exercise all rights under this policy.

### BENEFICIARY

The beneficiary will receive any death benefits of this policy, subject to any assignment you have made.... The beneficiary may be changed on receipt of your written request at our home office. After we record receipt of your request, the change will take effect as of the date of the request, but will not affect any action already taken. The rights of the former beneficiary will cease at that same time. We may require the policy to reflect the change.

Bolton and Donna separated on January 31, 1995. Thereafter, Donna filed an action for divorce; Bolton counterclaimed for the right to live separate and apart. Both parties sought equitable division of the marital property. By order dated September 27, 1995, Donna's request for a divorce was denied, but Bolton was granted the right to live separate and apart. Additionally, the order awarded the insurance policy, which had a cash value of $5016 at that time, to Bolton.

Sometime during the summer of 1995, Bolton asked his mother, Edna, to contact Walker Fogle, Life of Georgia's agent, to arrange a time when Bolton could change the beneficiary of the policy. Edna made the telephone call as

requested. Subsequently, Fogle met with Bolton at his place of employment. Fogle testified that Bolton wanted to change the beneficiary from Donna to Edna. Fogle obtained the necessary information from Bolton, completed a change of beneficiary form, and witnessed Bolton's signature on the form. Bolton's employer, Johnny Bell, was also present during the meeting between Fogle and Bolton and confirmed Fogle's testimony.

Fogle further testified that he followed standard procedure by taking the completed change of beneficiary form back to Life of Georgia's local office, where he placed it in a basket for the secretaries to mail to Life of Georgia's home office in Atlanta. He does not know what happened to the form after that point. According to Fogle, once he signed the change of beneficiary form as an authorized agent, the change was official.

The manager of the client service division in Life of Georgia's Atlanta office testified the company files did not reflect a change of beneficiary form was ever received. At Bolton's death, Life of Georgia's computer records still indicated Donna Bolton was the beneficiary. The manager testified the requirement that the change be recorded at the home office is for the company's protection, and the owner of the policy can designate any beneficiary he wants.

Shortly after Bolton's death,[3] Donna filed a proof of death statement with Life of Georgia, claiming she was the beneficiary of the insurance proceeds. Upon receiving a letter from Edna's counsel disputing Donna's claim, Life of Georgia filed this declaratory judgment action.

The master held Bolton, as the policy's owner, had the absolute right to change the beneficiary. He concluded Bolton substantially complied with all necessary steps to effect the change of beneficiary from Donna to Edna. Thus, Donna had no vested rights to the proceeds. Further, he held the policy provision concerning receipt of the change form at the home office was an administrative act for the purpose of recording the designation of beneficiary at the home office.

---

3. Donna's paramour shot and killed Bolton on February 11, 1996.

*Discussion*

## I.

Donna first argues the master erred in declaring Edna the beneficiary of the life insurance proceeds because Bolton failed to comply with the policy provision concerning change of beneficiary. Specifically, written notice of the change of beneficiary was never received and recorded by Life of Georgia's home office. We disagree.

"Where the insured has reserved the right in his policy to change the beneficiary, the named beneficiary does not have a vested right during the insured's lifetime. Instead, the named beneficiary has a mere expectancy; the complete control of the policy remains in the insured." *Horne v. Gulf Life Ins. Co.*, 277 S.C. 336, 338, 287 S.E.2d 144, 146 (1982); *see also Swygert v. Durham Life Ins. Co.*, 229 S.C. 199, 203, 92 S.E.2d 478, 480 (1956). The general rule is that, absent waiver, an insured must substantially comply with the method the policy prescribes for changing the beneficiary. *Horne* at 339, 287 S.E.2d at 146; *see* 4 *Couch on Insurance* § 60.29 (3d ed. 1997) ("When the insured, in attempting to change the beneficiary in his or her policy or certificate, has substantially complied with the requirements for change by doing everything that could reasonably be done to conform to the prescribed conditions and formalities, the desired change of beneficiary will be deemed effective.").

The evidence reflects Fielding Bolton did all he reasonably could do to effect a beneficiary change. He spoke with Life of Georgia's authorized agent and executed a change of beneficiary form. The agent witnessed Bolton's signature. We conclude Bolton substantially complied with the method prescribed by the policy for changing the beneficiary. The insurance company had no interest in the designation of the beneficiary, and the language in the policy requiring the change of beneficiary to be recorded at the home office is for the protection of the company, not the insured or the beneficiary.

## II.

Donna also argues the master erred because the evidence indicated Bolton intended his son to be the ultimate

beneficiary by virtue of a trust which was to be created. This issue is not preserved for our review.

The master's order does not address any trust issues. In addition, there is no indication in the record the appellant made a post-trial motion under either Rule 52 or Rule 59, SCRCP, to bring the omission of a ruling to the attention of the master. *National Grange Mut. Ins. Co. v. Firemen's Ins. Co.*, 310 S.C. 116, 119, 425 S.E.2d 754, 756 (Ct.App.1992) (matter not ruled upon by master and omission not brought to his attention by motion is not preserved for appeal); *see also Wilder Corp. v. Wilke*, 330 S.C. 71, 77, 497 S.E.2d 731, 734 (1998) (post-trial motions are used to preserve those issues that have been raised to the trial court but not yet ruled upon).

For the foregoing reasons, the master's order is hereby

**AFFIRMED.**

CONNOR and HUFF, JJ., concur.