THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Joyce Miller,       
Respondent
 
 
 

v.

 
 
 
Johnny Miller, individually and as Guardian for Jacquia Miller and Juenville 
 Miller, and LaKischia Miller,        Appellants.
 
 
 

Appeal From York County
John Buford Grier, Circuit Court Judge

Unpublished Opinion No. 2003-UP-325
Submitted January 17, 2003 - Filed May 
 7, 2003 

AFFIRMED

 
 
 
Johnny E. Miller, of Rock Hill, pro se. 
Douglas Francis Gay, of Rock Hill, for Respondent.
 
 
 

PER CURIAM:  Johnny Miller, on behalf of 
 himself and his three children, appeals from an order of the master-in-equity 
 which distributed the proceeds of a public sale of real property in a partition 
 action.  We affirm. [1] 
FACTS
This is the sixth appeal arising out of a dispute that 
 developed between siblings over property left to them in their mothers will.  
 The mother, Viola Miller, passed away in 1997, leaving one-third of her property 
 to Joyce Miller, one-third to Gregory Miller, and one-third to Johnny Miller 
 and his three children.  Deeds of distribution were created that gave the heirs 
 a joint tenancy in all of Violas properties. 
 [2]   Gregory Miller subsequently transferred his one-third interest to 
 Joyce for $1.00, love and affection, and he began staying in one of the properties 
 under a lease executed by Joyce.  Johnny Miller, who lived in another one of 
 the estate properties, challenged the validity of the lease on the basis he 
 was a joint tenant and had not approved of the lease.  He also contended the 
 will was fraudulently drafted by Joyce, an attorney.  
In late 1998, Joyce filed a summons and complaint seeking 
 to partition all of the real estate.  The circuit court referred the matter 
 to a master-in-equity.  The master ordered the property to be partitioned and 
 allowed the parties thirty days to arrange a private sale; otherwise, he would 
 order a public sale of the properties.  When the real estate was not sold by 
 the parties, the master issued a supplemental order directing the public sale 
 of the real property to be partitioned. 
 [3] 
Joyce was the successful bidder at the sale on December 3, 2001, purchasing 
 the properties for $180,500.00.  By order filed June 28, 2002, the master distributed 
 the proceeds.  In the order, the master increased the total value of the estate 
 to $243,171.15.  Among other things, the master found the fair rental values 
 of the homes Johnny Miller and Gregory Miller were occupying should be added 
 to the sales price to represent the entire estate to be distributed.  Further, 
 the master found that Johnny Miller had removed two properties from Section 
 8 status and that the parties were entitled to the benefit of the rents that 
 would have been received had the properties remained under Section 8 and added 
 those amounts to the proceeds.  The master deducted this lost rent from Johnny 
 Millers share.  
LAW/ANALYSIS
On appeal, Johnny Miller contends the master erred in his findings of fact 
 and conclusions of law in the order distributing the proceeds from the public 
 sale. 
As to the findings of fact, Miller asserts the master 
 erred in finding that the two rental properties in Chester were removed from 
 Section 8 status at his insistence and in finding Joyce Miller had spent $2,004.75 
 on upkeep for the two rental properties.  He asserts he removed the properties 
 from Section 8 status only because Joyce Miller was not paying him one-third 
 of the rental income, which was being paid to Joyce as long as the homes remained 
 under Section 8.  Further, he contends very credible evidence was produced 
 at this hearing that indicated [Joyce] spent the money on improvements to the 
 new home she [had] purchased . . . .  
Miller enumerates seven points challenging the masters conclusions of law, 
 some containing several unrelated issues.  Among other things, he contends that 
 Joyce Miller presented no testimony concerning the money she spent on the rental 
 homes and her credibility was impeached at the hearing on this matter, that 
 no rent should have been imputed for the home he resided in because he was a 
 joint tenant, that Joyce should have been ordered to pay the lost rent on the 
 Section 8 rental properties because the removal of the homes from Section 8 
 status was because of her actions, and that Joyce should bear all attorney fees 
 and expenses.  He also asserts that he is entitled to a lis pendens 
 on the properties and that he should receive treble damages and punitive damages 
 under section 15-67-420 of the South Carolina Code.
In his brief, Miller admits that the hearing held to determine the distribution 
 of the sale proceeds was held on June 3, 2002, but that he did not order a transcript 
 of the hearing.  Rather, he asserts the most prevalent facts that underscore 
 how the monies should be distributed were presented at the main trial in this 
 matter.  He explains that he has, however, submitted an excerpt of the transcript 
 from the prior hearing, which was held on July 23, 2001.  
 The appellant has the burden of providing 
 a sufficient record to enable an appellate court to review the decision of the 
 trial court for any alleged errors.  See, e.g., Crestwood Golf Club, 
 Inc. v. Potter, 328 S.C. 201, 493 S.E.2d 826 (1997); Germain v. Nichol, 
 278 S.C. 508, 299 S.E.2d 335 (1983).  Except as provided by Rule 212 and Rule 
 208(b)(1)(C) and (2), the appellate court will not consider any fact which does 
 not appear in the Record on Appeal.  Rule 210(h), SCACR.
It is axiomatic that an issue cannot 
 be raised for the first time on appeal, but must have been raised to and ruled 
 upon by the trial judge to be preserved for appellate review.  Wilder Corp. 
 v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998); see Tupper 
 v. Dorchester County, 326 S.C. 318, 487 S.E.2d 187 (1997) (noting an alleged 
 error must be both raised to and ruled upon by the trial court to be preserved).  

In Germain, our supreme court found the 
 appellants failure to supply the trial testimony precluded review of the appellants 
 contention that the evidence did not justify an award of actual damages.  Germain, 
 278 S.C. at 509, 299 S.E.2d at 335.  Similarly, although Miller contends the 
 substance of some of his issues on appeal was argued at the prior hearing, we 
 have no way of determining whether the issues he urges on appeal were raised 
 to and ruled upon by the master in the current proceeding.  It is also impossible 
 to review the contentions that the evidence did not support the masters actions 
 because we cannot determine from the present record what evidence was before 
 the court.  
AFFIRMED.
HEARN, C.J., GOOLSBY and HUFF, JJ., concur.

 
 
 [1]   We decide this case without oral argument pursuant to Rule 215, 
 SCACR.

 
 
 [2]   Johnny Miller and his three children together held a one-third interest 
 in Violas real estate, giving them each a one-twelfth interest in the properties.

 
 [3]   The history of this 
 case is set forth in appeals three, four, and five.  See Miller 
 v. Miller (#3), Op. No. 2003-UP-83 (filed Jan. 29, 2003); Miller v. 
 Miller (#4), Op. No. 2003-UP-84 (filed Jan. 29, 2003); Miller v. Miller 
 (#5), Op. No. 2003-UP-85 (filed Jan. 29, 2003).