THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN NAY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Mappin Industries, Inc., and Roberta L.
Mappin,        Appellants,
 
 
 

v.

 
 
 
Larry V. Mullins and CMC & Associates,       
Respondents.
 
 
 

Appeal From Greenville County
Joseph J. Watson, Circuit Court Judge

Unpublished Opinion No. 2004-UP-154
Submitted February 9, 2004  Filed March 
 9, 2004 

AFFIRMED

 
 
 
D. Garrison  Hill, of Greenville, for Appellants.
W. Howard Boyd, Jr. and Fred W. Suggs, III, both of Greenville, 
 for Respondents.
 
 
 

PER CURIAM: This case involves a change 
 of life insurance beneficiary form executed but not received by the insurance 
 companys home office before the insureds death.  The owners of the policy 
 brought this action against the insurance broker responsible for delivering 
 the change of beneficiary form, alleging his failure constituted breach of contract 
 and negligence.  The trial court granted summary judgment in favor of the broker.  
 We affirm.
FACTS
In 1997, Mappin Industries obtained a 
 loan from SouthTrust Bank.  Roberta Mappin, the sole shareholder of Mappin Industries, 
 signed for the loan, and Charles Theodore, a business associate of both Roberta 
 and her husband George, cosigned for the loan.  As a condition of the loan, 
 SouthTrust required that Mappin Industries buy insurance policies on the lives 
 of both Roberta and Charles in the amount of one million dollars each.  Mappin 
 Industries bought these required policies from First Colony Life Insurance Company 
 through Larry V. Mullins, an insurance broker in Greenville.  The proceeds of 
 the polices were assigned to SouthTrust.
Mappin Industries loan was subsequently 
 acquired by Carolina First Bank, which did not require an assignment of life 
 insurance proceeds.  However, Mappin Industries continued to pay the premiums 
 on the policies.
In the latter part of 1999, Charles informed 
 the Mappins that he had cancer and requested that they allow his wife, Patricia, 
 to be the beneficiary of a portion of the life insurance policy Mappin Industries 
 had on his life.  Pursuant to this conversation, George Mappin, as president 
 of Mappin Industries, executed a First Colony Insurance change of beneficiary 
 form making Roberta Mappin and Patricia Theodore each fifty percent beneficiaries 
 of the policy. The Mappins also testified that they instructed Mullins to obtain 
 a release of the assignment of the policy death benefits from South Trust Bank 
 and obtain an assignment of the proceeds in favor of Carolina First Bank in 
 the amount of $820,000.  Thus, in the event of Charles death, Mappin Industries 
 loan from Carolina First would be paid off, and the remaining $180,000 would 
 be split between Roberta Mappin and Patricia Theodore.  Mullins testified that 
 he delivered the change of beneficiary form to his administrative assistant, 
 who forwarded the form to First Colony Insurance. However, Mullins denied ever 
 being told to assign proceeds to Carolina First.
On December 1, 1999, another change of 
 beneficiary form was executed by George Mappin.  Under this second change, Roberta 
 Mappin was to receive eighty percent of the proceeds under the policy and Patricia 
 Theodore was to receive twenty percent. With this arrangement, upon Charles 
 death, Roberta would receive $800,000, Patricia would receive $200,000, and 
 there was no assignment to the bank.  As with the first change, Mullins claims 
 he forwarded the second change form to First Colonys home office. 
Charles Theodore died on December 18, 
 1999. On January 6, 2000, Roberta Mappin and Patricia Theodore submitted their 
 claims to Mullins for the one million dollar death benefitclaiming their respective 
 $800,000 and $200,000 shares.  Mullins forwarded the claims to First Colony. 

First Colony, however, claimed it had 
 not received the second, December 1, 1999, change form. Due to this discrepancy 
 in its records, First Colony filed a petition of interpleader to determine what 
 share of the proceeds each beneficiary was entitled to receive. First Colony 
 agreed to pay Mappin $500,000 and Theodore $200,000, and paid the disputed $300,000 
 into the court. 
Mappin and Theodore were able to resolve 
 their dispute outside of court, agreeing to a fifty-fifty split of the $300,000.  
 The parties also agreed to the entry of a consent order dismissing the interpleader 
 action and releasing First Colony from any further claims. Mullins, however, 
 was excluded from the release of liability. 
Ultimately, Roberta Mappin and Mappin 
 Industries (collectively Mappin) brought the present action against Mullins, 
 claiming he had breached his contract and was negligent in failing to ensure 
 that the second change of beneficiary form was received and acknowledged by 
 First Colony. The trial court granted summary judgment in favor of Mullins, 
 finding there was no genuine issue of material fact.  In its summary judgment 
 order, the trial court also denied Mappins motion to amend its complaint to 
 state additional causes of action.  Mappin appeals both of these rulings. 
STANDARD OF REVIEW
A trial court should grant a motion for summary 
 judgment when the pleadings, depositions, answers to interrogatories, and admissions 
 on file, together with the affidavits, if any, show that there is no genuine 
 issue as to any material fact and that the moving party is entitled to a judgment 
 as a matter of law. Rule 56(c), SCRCP; see also Fleming v. Rose, 
 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002).  In determining whether any 
 triable issues of fact exist, the evidence and all inferences which can be reasonably 
 drawn from the evidence must be viewed in the light most favorable to the nonmoving 
 party. Strother v. Lexington County Recreation Commn, 332 S.C. 54, 
 61, 504 S.E.2d 117, 121 (1998).  If triable issues of fact exist, those issues 
 must go to the jury. Young v. S.C. Dept of Corr., 333 S.C. 714, 717, 
 511 S.E.2d 413, 415 (Ct. App. 1999).
LAW/ANALYSIS
I.       Motion for Summary Judgment
Mappin argues the trial court erred in granting Mullins 
 motion for summary judgment on the claims for breach of contract and negligence.  
 Specifically, Mappin asserts Mullins breached his duty of care under contract 
 and common law by failing to ensure that the change of beneficiary form was 
 received and acknowledged by First Colonys home office prior to Charles Theodores 
 death.  We disagree.
It is well-settled that [a]n essential 
 element in a cause of action for negligence is the existence of a legal duty 
 of care owed by the defendant to the plaintiff.  Without a duty, there is no 
 actionable negligence. Bishop v. S.C. Dept of Mental Health, 331 S.C. 
 79, 86, 502 S.E.2d 78, 81 (1998).  As a general rule, insurance agents and 
 brokers are required to exercise due care in placing insurance and would be 
 personally liable for the neglect of that duty. Riddle-Duckworth, Inc. 
 v. Sullivan, 253 S.C. 411, 420, 171 S.E.2d 486, 490 (1969) (quoting La 
 Tourette v. McMaster, 104 S.C. 501, 89 S.E. 398 (1916)). 
In the present case, however, Mappin 
 has failed to show any facts indicating Mullins owed a duty to deliver Mappins 
 change of beneficiary form prior to Theodores death.  On the contrary, under 
 South Carolina law, an insured has effectively changed a beneficiary under a 
 life insurance policy when he has substantially complied with the method prescribed 
 by the policy language for changing the beneficiary. Life of Georgia Ins. 
 Co. v. Bolton, 333 S.C. 406, 411, 509 S.E.2d 488, 491 (1998).  As in the 
 present case, the plaintiffs in Bolton argued that the failure of the 
 insurance company to receive a change of beneficiary form in its home office 
 rendered the change ineffective. Id. The supreme court rejected this 
 argument, finding the change was effective as of the time the owner or insured 
 executed a change of beneficiary form. Id.  
In the present case, the terms of the insurance 
 policy regarding the procedure for executing a change of beneficiary did not 
 require that the form be delivered or acknowledged by First Colonys home office 
 in order to be effective.  The policy provides, in pertinent part, as follows:

CHANGE OF OWNER AND BENEFICIARY.  
 The Owner may change the designations of Owner and Beneficiary during the Insureds 
 lifetime.  Any change is subject to the consent of an irrevocable beneficiary.  
 Written notice of change must be filed at the home office in a form acceptable 
 to the company.  The new designation will then take effect as of the date the 
 Owner signed the notice.  Such a change does not affect any payment made or 
 other action taken by the Company before the notice is received. 

Although Mullins was required to provide written notice to 
 First Colonys home office under this provision, the language did not condition 
 the effectiveness of the change of beneficiary upon First Colonys receipt of 
 the form or otherwise mandate delivery of the form within an essential time 
 period.  Mullins did not, therefore, have a dutyunder principles of contract 
 or common lawto ensure First Colony received the change of beneficiary form 
 at its home office prior to Charles Theodores death in order for it to be effective.  

II.      Motion to Amend
Mappin also appeals the trial courts 
 denial of its motion to amend its complaint to assert three additional claims.  
 Under Rule 15(a), SCRCP, the trial court may grant a party leave to amend a 
 complaint or other pleading and shall do so freely when justice so requires 
 and does not prejudice any other party.  The trial judges finding will not 
 be overturned absent an abuse of discretion or unless manifest injustice has 
 occurred. Berry v. McCloud, 328 S.C. 435, 450, 492 S.E.2d 794, 802 (Ct. 
 App. 1997).  We find no abuse of discretion in the trial courts denial of Mappins 
 motion to amend.
In its motion to amend, Mappin first 
 sought to assert a new claim alleging Mullins was negligent in failing to obtain 
 an assignment of the policy in favor of Carolina First Bank.  Mappin had requested 
 Mullins make this assignment following the November 11, 1999, conference at 
 which George Mappin executed the first change of beneficiary form.  As both 
 Roberta and George Mappin acknowledged in their deposition testimony, however, 
 this agreement was superseded by the December 1, 1999, agreement under which 
 Mappin and Charles Theodore agreed to provide $200,000 from the death benefits 
 to Patricia Theodore.  In light of this agreementwhich gave rise to the need 
 for the second change of beneficiaryGeorge and Roberta Mappin testified they 
 no longer wished to have the assignment made in favor of the bank.  By the Mappins 
 own testimony, therefore, the question of whether Mullins was negligent in failing 
 to obtain an assignment of the insurance proceeds in favor of the bank is wholly 
 irrelevant to the present case.
Next, Mappin asked the trial court to add a claim 
 that Mullins should be barred by res judicata and collateral estoppel 
 from taking a position contrary to the position taken by First Colony in the 
 interpleader action.  This request is also without merit.
Res judicata bars subsequent actions 
 by the same parties when the claims arise out of the same transaction or occurrence 
 that was the subject of a prior action between these parties.  Nelson v. 
 QHG of S.C. Inc., 354 S.C. 290, 304, 580 S.E.2d 171, 178 (Ct. App. 2003).  
 Likewise, the doctrine of collateral estoppel precludes relitigation of claims 
 in subsequent suits involving the same parties or those in privity with the 
 previous parties. Carrigg v. Cannon, 347 S.C. 75, 79-80, 552 S.E.2d 767, 
 770 (Ct. App. 2001) (holding that [u]nder the doctrine of collateral estoppel, 
 once a final judgment on the merits has been reached in a prior claim, the relitigation 
 of those issues actually and necessarily litigated and determined in the first 
 suit are precluded as to the parties and their privies in any subsequent action 
 based upon a different claim (internal quotation marks omitted)).
In the present case, Mullins was not a party to the 
 interpleader action initiated by First Colony.  Nor can it be argued that Mullins 
 was in privity with any party to that action, as demonstrated by the fact that 
 Mullins was specifically excluded from the settlement reached in the interpleader 
 action.  Therefore, Mappins attempt to argue that Mullins is now barred from 
 asserting his affirmative defenses in the instant action is manifestly without 
 merit.
Finally, Mappin sought to amend its complaint to request 
 additional damages to compensate for the attorneys fees and costs it incurred 
 in defending the interpleader action.  As discussed above, however, Mullins 
 breached no duty under contract or common law which gave rise to the interpleader 
 action.  The fees and costs were incurred solely by reason of First Colonys 
 wrongful refusal to honor the second change of beneficiary form which was executed 
 on December 1, 1999.  Accordingly, there is no basis under the applicable South 
 Carolina law to allow Mappin to recover the fees and costs incurred in defending 
 the interpleader action.
CONCLUSION
We conclude the trial court properly granted 
 summary judgment in favor of Mullins, finding no evidence of any duty owed under 
 contract or common law theories of recovery.  Additionally, we find the trial 
 court did not abuse its discretion in denying Mappins motion to amend.  The 
 ruling of the trial court is therefore
 AFFIRMED.
HEARN, C.J., ANDERSON and BEATTY, JJ., concur.