THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
PROCEEDING   EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH
CAROLINA
In The Court of Appeals

 
 
 
 Michael P. Horger and
 Stanley V. Kiser,        Appellants,
 In Re:  Road Closing
 Of whom Orangeburg County
 Fire Commission, Orangeburg Consolidated School District Three, Doug
 Shuler, Sr., and Catherine J. Breaker
 are,        Respondents.
 
 
 

Appeal From Orangeburg County
Olin D. Burgdorf, Master-in-Equity

Unpublished Opinion No.
2005-UP-414
Heard June 7, 2005  Filed June 27, 2005

AFFIRMED

 
 
 
 Virgin  Johnson, Jr.,
 of Orangeburg and Robert J. Thomas, of Columbia, for Appellants.
 DAnne Haydel, of
 Orangeburg, David S. Doty and Andrea E. White, both of Columbia and John
 G. Felder, of St. Matthews, for Respondents.
 
 
 

PER CURIAM:  Michael
Horger and Stanley Kiser (Appellants) appeal the master-in-equitys order
denying their request made pursuant to S.C. Code Ann. § 57-9-10 (1991) to close
a portion of Vincent Drive that crosses their property in Orangeburg
County.  We affirm.
1.  We find there is no
evidence to support Appellants contention that they entered into an agreement
with the Fire District to leave the road open only until a new fire station
became available to serve the area in the vicinity of the road.  Appellants
assert under this agreement the Fire District agreed to withdraw its objection
to the road closing. 
In their brief, Appellants cite to
their attorneys statement during the hearing in this matter that they had
entered into such an agreement with the Fire Department.  Appellants do
not, however, cite to any evidence in the record containing proof of such an
agreement.  See, e.g., Historic Charleston Foundation v.
Krawcheck, 313 S.C. 500, 443 S.E.2d 401 (Ct. App. 1994) (stating the
arguments of counsel generally cannot be considered as evidence when deciding
factual issues); Gilmore v. Ivey, 290 S.C. 53, 348 S.E.2d 180 (Ct. App.
1986) (holding the statements of counsel are not considered factual
evidence).  The burden is on an appellant to furnish a sufficient record on
appeal from which this Court can make a review.  Germain v. Nichol,
278 S.C. 508, 299 S.E.2d 335 (1983).  Because we do not find any evidence
in the record to support Appellants contention that an agreement existed, we
find no error in this regard.
2.  We next address Appellants
argument that the School District did not have standing to
object to the closure of the road.  Appellants argue all school bus
transportation is administered by the South Carolina Department of Education
pursuant to section 59-67-410 of the South Carolina Code.  See S.C.
Code Ann. § 59-67-410 (2004) (The control and management of all school bus
transportation in the State shall be vested in the State Board of Education.). 
They contend the State of South Carolina, therefore, not the School
District, has standing to object to the closing of the road.
Initially, we question whether this
issue is preserved for appeal.  Although the parties discussed standing at
the hearing and the master orally indicated he believed the School District had
standing, the master did not include a specific ruling on the issue of standing
in his final, written order, and Appellants did not file a motion to alter or
amend the masters order pursuant to Rule 59(e), SCRCP with regard to this
issue.  See Noisette v. Ismail, 304 S.C. 56, 403 S.E.2d 122
(1991) (holding an issue must be both raised to and ruled on by the court and if
the issue is not explicitly addressed in the courts order, the party should
file a motion to alter or amend the judgment to include a ruling on the
matter). 
In any event, even assuming the
issue is preserved, given the School Districts obligations under the
Regulations of the South Carolina Board of Education to supervise school
transportation programs and to prepare routes to be approved by the Department
of Education, we find the School District has a real, material, or substantial
interest in the subject matter of the action and thus has standing to object to
the road closing.  See 24 S.C. Code Ann. Regs. 43-80(A) (Supp. 2004)
(The school district board of trustees shall be responsible to the State
Board of Education for the supervision of the school transportation program in
the district.); 24 S.C. Code Ann. Regs. 43-80(E) (Supp. 2004) (Each school
district shall prepare route descriptions and maps in accordance with laws and
regulations and, upon approval of the districts board of trustees, shall
submit the route descriptions and maps to the designated representative of the
State Department of Education by October 15th of each year.); Sea Pines
Assn for the Protection of Wildlife, Inc. v. South Carolina Dept of
Natural Resources, 345 S.C. 594, 600, 550 S.E.2d 287, 291 (2001) (To have
standing, one must have a personal stake in the subject matter of the
lawsuit.  In other words, one must be a real party in interest.); Charleston
County Sch. Dist. v. Charleston County Election Commn, 336 S.C. 174, 181,
519 S.E.2d 567, 571 (1999) (A real party in interest is one who has a real,
material, or substantial interest in the subject matter of the action, as
opposed to one who has only a nominal or technical interest in the action.
(citation omitted)). 
3.  We find the issue regarding
title to the property underlying the road is not properly before us on
appeal.  Appellants did not raise the issue of title to the property in
their complaint, nor did they seek to amend their pleadings to include an action
to quiet title.  Further, the master specifically states in his order that
he was not deciding title in this action, and Appellants did not file a Rule
59(e), SCRCP motion seeking to obtain a ruling on this issue.  Thus, we
find it was not properly preserved for our review.  See Life of
Ga. Ins. Co. v. Bolton, 333 S.C. 406, 509 S.E.2d 488 (Ct. App. 1998)
(stating a matter not ruled upon by a master-in-equity nor addressed in an
appropriate post-trial motion was not preserved for appeal); Langehans,
347 S.C. at 353, 554 S.E.2d at 684 (holding an issue must be both raised to and
ruled on by the court and if the issue is not addressed in the courts order,
the party should file a motion to alter or amend the judgment to include a
ruling on the matter). 
4.  Finally, we find no merit
to Appellants remaining arguments to support their contention that the master
improperly denied their petition to close a portion of Vincent Drive.  Although there is opposing evidence, we conclude
there is evidence in the record to support the masters determination that it
was in the best interest of all concerned to deny the petition.  The Fire
Districts Director of Fire Services, Clarence Ball, Jr., testified the road
closing would adversely affect the ability of the fire protection services and
emergency ambulance services to respond to areas in the vicinity of the road due
to an increased response time.  The School Districts
Transportation Supervisor, Clifford Miller, testified closing the road would
necessitate changes in the bus routes for area schools that would increase
travel times and raise safety concerns.  Doug Shuler, Sr. and Catherine
Breaker, area residents, testified regarding the hardships they would encounter
if the road were closed.  Thus, considering all of the evidence, we hold
the master did not abuse his discretion in denying Appellants petition to
close the road.  See S.C. Code Ann. § 57-9-20 (1991) (providing the
court may close a road when it determines that it is to be the best interest
of all concerned); First Baptist Church of Mauldin v. City of Mauldin,
308 S.C. 226, 417 S.E.2d 592 (1992) (stating the courts decision to grant or
deny an application to close a road pursuant to section 57-9-10 will be upheld
absent an abuse of discretion); Zabinski v. Bright Acres Assocs., 346
S.C. 580, 601, 553 S.E.2d 110, 121 (2001) (An abuse of discretion occurs
where the trial court is controlled by an error of law or where the trial courts
order is based on factual conclusions without evidentiary support.). 
AFFIRMED.
GOOLSBY, HUFF, and KITTREDGE, JJ.,
concur.