THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 South Carolina
 Department of Social Services, Respondent,
 
 
 
 
 

   v.

 
 
 
 Ruth W. and
 Ronald L., Defendants,
 
 
 Of Whom Ronald
 L. is the Appellant.
 
 
 In the interest of three minor children under the age of 18.
 
 
 
 

Appeal From Marion County
Timothy H. Pogue, Family Court Judge

Unpublished Opinion No. 2011-UP-134
 Submitted April 1, 2011  Filed April 5,
2011    

AFFIRMED

 
 
 
 A. Preston Brittain, of Myrtle
 Beach, for Appellant.
 Newton I. Howle, Jr., of Darlington, for
 Respondent.
 Stuart W. Snow, of Florence, for Guardian
 ad Litem. 
 
 
 

PER CURIAM:  Ronald
 L. (Father) appeals from the family court's order of intervention placing him
 on the central registry of child abuse and neglect and requiring supervised
 visitation with his child.  Father argues the family court erred in failing to
 allow testimony from a pastor based on the priest-penitent privilege.  We affirm.[1]
This issue is unpreserved for
 appellate review because Father did not proffer the testimony of the pastor at
 the intervention hearing as to the content of the pastor's conversations
 between the pastor, Father, and Ruth W. (Mother), nor is it apparent from the
 record on appeal what the pastor would have testified to if the family court
 found the pastor's testimony admissible.  See State v. Santiago, 370 S.C. 153, 163, 634 S.E.2d 23, 29 (Ct. App. 2006) ("[A] proffer of
 testimony is required to preserve the issue of whether testimony was properly
 excluded by the trial judge, and an appellate court will not consider error
 alleged in the exclusion of testimony unless the record on appeal shows
 fairly what the excluded testimony would have been.") (emphasis added); TNS
 Mills, Inc. v. S.C. Dep't of Revenue, 331 S.C. 611, 628, 503 S.E.2d 471,
 480 (1998) (holding where no proffer of excluded testimony is made, the issue
 is not preserved for appellate review because the court is unable to determine
 whether the appellant was prejudiced by the trial court's refusal to admit the
 testimony into evidence).  Additionally, "[a]n error not shown to be
 prejudicial does not constitute grounds for reversal."  Davis v. Davis,
 372 S.C. 64, 87, 641 S.E.2d 446, 458 (Ct. App. 2006).  Here, this court cannot
 determine whether any prejudice to Father occurred because although Father included
 the testimony regarding the priest-penitent privilege in the record on appeal,
 he did not provide any of the relevant testimony regarding the abuse
 allegations from any witnesses at the hearing.  See Germain v. Nichol,
 278 S.C. 508, 509, 299 S.E.2d 335, 335 (1983) (holding the appealing party has
 the burden of providing a sufficient record upon which the court can make its
 decision).  Accordingly, we affirm the family court's order of intervention.
AFFIRMED.
WILLIAMS and
 KONDUROS, JJ., and CURETON, A.J., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.