**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Jeanette's Loving In-Home Care Agency, Appellant,

v.

South Carolina Department of Health and Human Services, Respondent.

Appellate Case No. 2018-000895

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

Unpublished Opinion No. 2021-UP-132
Submitted March 1, 2021 – Filed April 28, 2021

**AFFIRMED**

Jeanette's Loving In-Home Care Agency, of Summerville.

Constance Dionne Holloway, of South Carolina Department of Health and Human Services, of Columbia, for Respondent.

**PER CURIAM:** Jeanette's Loving In-Home Care Agency (Loving Care), an unincorporated entity represented by Jeanette Vinson doing business as Loving Care, appeals the Administrative Law Court's (the ALC's) order affirming the

termination of its contract with the South Carolina Department of Health and Human Services (DHHS) to provide Personal Care I and II Services, Head and Spinal Cord Injury Attendant Care and Respite Care Services, Companion Services, and Medically Complex Children Respite Services to Medicaid patients. On appeal, Loving Care argues (1) DHHS lacked sufficient grounds to terminate the contract, (2) DHHS imposed an improper sanction, (3) the hearing Officer erred by denying the motion to dismiss, and (4) the ALC erred by denying the motion to enter default and default judgment. We affirm pursuant to Rule 220(b) of the South Carolina Appellate Court Rules.

1. Substantial evidence supports the ALC's finding that DHHS had sufficient grounds to terminate Loving Care's contract. Specifically, DHHS terminated the contract based on Loving Care's final review score on its provider compliance review, which was above the permitted score allowed in DHHS's Community Long Term Care Provider Manual (Provider Manual). We note Loving Care received a copy of the Provider Manual, and the Provider Manual specifically instructed providers that their contract with DHHS would be terminated if their final review score was above the maximum allowed score. Accordingly, we find substantial evidence supports DHHS's terminating of the contract. *See Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("In an appeal of the final decision of an administrative agency, the standard of appellate review is whether the AL[C]'s findings are supported by substantial evidence."); S.C. Code Ann. § 1-23-610(B) (Supp. 2020) ("The review of the [ALC]'s order must be confined to the record. The [appellate] court may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact."); *Sanders*, 379 S.C. at 417, 665 S.E.2d at 234 ("Although this court shall not substitute its judgment for that of the AL[C] as to findings of fact, we may reverse or modify decisions which are controlled by error of law or are clearly erroneous in view of the substantial evidence on the record as a whole."); *id*. ("In determining whether the AL[C]'s decision was supported by substantial evidence, this court need only find, considering the record as a whole, evidence from which reasonable minds could reach the same conclusion that the AL[C] reached.").

2. Further, substantial evidence supports the ALC's finding that DHHS did not impose an improper sanction on Loving Care by terminating the contract. The DHHS regulations stipulate a sanction can be implemented against a provider if the provider breaches the provider agreement. *See* S.C. Code Ann. Regs. 126-403(F) (Supp. 2020) ("The grounds for sanctioning providers shall include, but not be limited to, the following: . . . Breach of the terms of the Medicaid provider agreement or failure to comply with the terms of provider certification on the

Medicaid claim form.").  In its Provider Manual, DHHS states that if a provider's compliance review score exceeds the maximum allowed score, termination of the contract with the provider is an appropriate sanction. Thus, we find substantial evidence supports the sanction DHHS imposed on Loving Care.[1]

3.  The issue of whether the hearing Officer erred by denying Loving Care's motion to dismiss at the initial hearing is not preserved for appellate review.  *See Wilke*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [ALC] to be preserved for appellate review."); *Young*, 383 S.C. at 458, 680 S.E.2d at 787 ("A court has a limited scope of review of the final decisions of administrative agencies and cannot ordinarily consider issues that were not raised to and ruled on by the agency from which an appeal is taken.").

4.  Loving Care failed to provide this court with a sufficient record to determine whether the ALC erred in denying Loving Care's motion for entry of default and default judgment because the record on appeal does not contain any references to a motion for entry of default or an order granting or denying any such motion.  *See Germain v. Nichol*, 278 S.C. 508, 509, 299 S.E.2d 335, 335 (1983) (providing an appellant has the burden to present a sufficient record for an appellate court to make a decision); *Holme v. Holme*, 287 S.C. 68, 72-73, 336 S.E.2d 508, 511 (Ct. App. 1985) (holding that a scant record before an appellant court was insufficient to enable the court to accurately review the previous finding).

**AFFIRMED.**[2]

---

[1] Loving Care's arguments that (1) the hearing Officer erred in determining he did not have jurisdiction to consider previous sanctions imposed by DHHS, (2) the hearing Officer erred by failing to take into account the information provided at a precontractual meeting, and (3) the representative of DHHS failed to look at all of Loving Care's files are not preserved for this court's review because the ALC did not rule on these issues.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [ALC] to be preserved for appellate review."); *Young v. S.C. Dep't of Health & Envtl. Control*, 383 S.C. 452, 458, 680 S.E.2d 784, 787 (Ct. App. 2009) ("A court has a limited scope of review of the final decisions of administrative agencies and cannot ordinarily consider issues that were not raised to and ruled on by the agency from which an appeal is taken.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**