**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wells Fargo Bank, N.A., Respondent,

v.

Michelle Hodges, Individually and as the Personal Representative of the Estate of Ladson Witherspoon; Stanley Witherspoon; SC Housing Corp.; and Twin Creeks Homeowners Association, Inc., Defendants,

Of Whom Michelle Hodges, Individually, is the Appellant.

Appellate Case No. 2019-001565

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge
Perry H. Gravely, Circuit Court Judge

Unpublished Opinion No. 2022-UP-326
Submitted July 27, 2022 – Filed August 17, 2022

**AFFIRMED**

Michelle Hodges, of Simpsonville, pro se.

Matthew Todd Carroll and Bryant Sparks Caldwell, both of Womble Bond Dickinson (US) LLP, of Columbia; and

Shelton Sterling Laney, III, of Womble Bond Dickinson (US) LLP, of Greenville, all for Respondent.

---

**PER CURIAM:**  Michelle Hodges appeals circuit court orders denying her motion to alter or amend her answer and counterclaims for a seventh time, granting Wells Fargo Bank, N.A. (Wells Fargo), summary judgment on Hodges's counterclaims, and referring the underlying foreclosure matter to the master-in-equity.

On appeal, Hodges argues the circuit court (1) abused its discretion in denying her motion to amend her answer and counterclaims for a seventh time; (2) erred in granting summary judgment to Wells Fargo on her counterclaims; (3) violated her due process rights; (4) erred in allowing pre-signed interrogatory verifications; (5) "err[ed] in deciding the facts and not framing the issues before referring the case to the master"; (6) erred in granting Wells Fargo's motion to strike her jury trial demand; (7) erred in referring the case to the master; and (8) erred in finding the loan was in default as of the May 2017 payment date.

Regarding Hodges's first argument, we find this issue without merit because Hodges did not establish what new facts or claims, if any, her seventh amended complaint would have added.  *See* Rule 15(a), SCRCP (stating that a party may amend a pleading once as a matter of course, after which "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires and does not prejudice any other party"); *Patton v. Miller*, 420 S.C. 471, 490, 804 S.E.2d 252, 262 (2017) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962))).

Hodges argues her seventh amended answer would have included her "holder in due course" argument, which is analogous to her standing argument in her sixth amended answer.  However, we hold the circuit court heard and correctly determined that Wells Fargo had standing because Wells Fargo is in possession of the original promissory note, which is supported by the record.  *See* S.C. Code Ann. § 36-3-301 (Supp. 2021) ("'Person entitled to enforce' an instrument means (i) the holder of the instrument . . . .").

Hodges also argued her seventh amended answer added allegations about joint tenancy to support her lack of subject matter jurisdiction claim; however, Hodges had already raised this allegation in her third amended answer. Therefore, the circuit court did not abuse its discretion in refusing to allow Hodges to amend her answer and counterclaims for a seventh time as such amendments would not have established new facts or claims and would have been an exercise in futility. *See Skydive Myrtle Beach, Inc. v. Horry Cnty.*, 426 S.C. 175, 182, 826 S.E.2d 585, 589 (2019) ("In rare cases, however, a trial court may deny a motion to amend if the amendment would be clearly futile.").

As to Hodges's second argument, we find that this issue, when viewed in the light most favorable to Hodges, is without merit because she failed to show any genuine issue of material fact existed. Thus, Wells Fargo was entitled to judgment as a matter of law, and the circuit court did not err in granting summary judgment on Hodges's counterclaims and affirmative defenses in Wells Fargo's favor. *See Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 438-39 (2003) ("In reviewing the grant of a summary judgment motion, the Court applies the same standard as the trial court under Rule 56(c), SCRCP: 'summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."'" (quoting *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 114-15, 410 S.E.2d 537, 545 (1991))); *id*. at 69, 580 S.E.2d at 439 ("In determining whether summary judgment is appropriate, the evidence and its reasonable inferences must be viewed in the light most favorable to the nonmoving party.").

As to Hodges's third argument, the record shows no indication this argument was raised to or ruled upon by the circuit court; therefore, it is not properly before this court. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Germain v. Nichol*, 278 S.C. 508, 509, 299 S.E.2d 335, 335 (1983) ("Appellant has the burden of providing [an appellate court] with a sufficient record upon which [the appellate court] can make its decision.").

As to Hodges's fourth argument, we find the record is insufficient to review this issue. While it is clear Hodges brought this issue before the circuit court and the circuit court ruled upon it, Hodges's interrogatories and Wells Fargo's responses are not included in the record. *See id.* ("Appellant has the burden of providing [an appellate court] with a sufficient record upon which [the appellate court] can make its decision.").

As to Hodges's fifth argument, we find it abandoned because she did not present any argument on this issue outside of the issue statement. *See Fields v. Melrose Ltd. P'ship*, 312 S.C. 102, 106, 439 S.E.2d 283, 285 (Ct. App. 1993) ("An issue raised on appeal but not argued in the brief is deemed abandoned and will not be considered by the appellate court.").

As to Hodges's sixth and seventh arguments, we find these issues abandoned because Hodges provided only short and conclusory statements without any supporting legal authority aside from a cite to Rule 38(a), SCRCP, which states simply that the right to a jury trial under the South Carolina Constitution or a state statute is preserved inviolate. *See Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").[1]

As to Hodges's eighth argument, we find this issue without merit. The record indicates Hodges did not make required mortgage payments after her mother, the original mortgagor, died. Additionally, a secured creditor, such as Wells Fargo in this action, is not required to file a claim against a decedent's estate if the secured creditor is solely seeking to foreclose the mortgage and is not attempting to hold the estate liable for the deficiency following the foreclosure sale. *See* S.C. Code Ann. § 62-3-104 (2022) (stating the probate code "has no application to a proceeding by a secured creditor of the decedent to enforce his right to his security except as to any deficiency judgment which might be sought therein"); *In re Est. of Hover*, 407 S.C. 194, 205, 754 S.E.2d 875, 881 (2014) ("[A] secured creditor may pursue foreclosure proceedings on the security for the mortgage without presenting a claim against the estate and, thus, may do so outside the time limits of the nonclaim statute."). Here,

---

[1] To the extent Hodges argues the circuit court erred in granting summary judgment on her claim for breach of fiduciary duty, we find this issue is without merit because a fiduciary relationship cannot be created by the unilateral act of one party, Hodges failed to cite to relevant authority showing a private cause of action for denial of a loan modification exists, and Hodges failed to produce any evidence to support any element for breach of fiduciary duty. *See Spence v. Wright*, 395 S.C. 148, 160, 716 S.E.2d 920, 926 (2011) (clarifying that the existence of a duty and whether the law recognizes a duty are issues of law to be decided by the court); *Regions Bank v. Schmauch*, 354 S.C. 648, 671, 582 S.E.2d 432, 444 (Ct. App. 2003) ("[T]he normal relationship between a bank and its customer is one of creditor-debtor and not fiduciary in nature."); *id.* ("[N]o fiduciary relationship between a bank and its depositor exists when the bank is unaware of any special trust reposed in it.").

Wells Fargo waived its right to seek a deficiency judgment against Hodges's mother's estate in its complaint. Therefore, the circuit court properly found it had subject matter jurisdiction in this case.

To the extent Hodges argues unclean hands, joint tenancy, and bias by the circuit court, these issues were not raised in Hodges's statement of issues on appeal. *See* Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."). Further, we find these issues abandoned on appeal, as they are supported only by conclusory arguments with little to no relevant legal authority. *See Glasscock, Inc.*, 348 S.C. at 81, 557 S.E.2d at 691 ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").

To the extent Hodges argues about a deficiency judgment, foreclosure intervention, bankruptcy, a bankruptcy-related res judicata argument, and issues with discovery, we find these issues are not properly before this court as they were not included in Hodges's initial brief nor were they included in her statement of issues on appeal. *See* Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."); Rule 211(b), SCACR ("The final brief(s) shall be identical to the brief(s) previously served under Rule 208 . . . ."). Further, even if these issues were properly before this court, it is unclear based on the record whether Hodges raised these issues or if they were ruled upon by the circuit court. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Germain*, 278 S.C. at 509, 299 S.E.2d at 335 ("Appellant has the burden of providing [an appellate court] with a sufficient record upon which [the appellate court] can make its decision.").

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.